**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:26-cv-00274** |
| | ) | |
| **BLUE GREEN ENERGY, INC.;** | ) | |
| **GLOBAL EQUITY FINANCE, INC.;** | ) | **Removed from the** |
| **NATIONAL COIN GROUP LLC, NEW** | ) | **Oklahoma County Case No. CJ-2026-514** |
| **YORK NUMISMATIC GROUP LLC;** | ) | |
| **PHX FINANCIAL, INC.; PINNACLE** | ) | |
| **COIN GROUP LLC; PINNACLE** | ) | |
| **WEALTH PRESERVATION L.L.C.;** | ) | |
| **PREMIER RARE COINS LLC;** | ) | |
| **COASTAL EQUITIES, INC. (dba** | ) | |
| **REALTA EQUITIES); ROSLAND** | ) | |
| **CAPITAL LLC; VESSEL CAPITAL** | ) | |
| **LLC; and DOES 1 through 10, inclusive,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT GLOBAL EQUITY FINANCE, INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT
TO FED. R. CIV. P. 12(b)(2) AND BRIEF IN SUPPORT**

Defendant Global Equity Finance, Inc. ("Global Equity"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff Anthony Trupia's ("Plaintiff") Complaint for lack of personal jurisdiction. In support of this Motion, Global Equity states as follows:

### INTRODUCTION

Global Equity, a California corporation headquartered in San Diego, California, respectfully moves this Court to dismiss all claims against it for lack of personal jurisdiction. This Court lacks both general and specific personal jurisdiction over Global Equity because Global Equity has absolutely no connection to the State of Oklahoma—it maintains no offices, employees, agents, property, or business operations in Oklahoma whatsoever.

Moreover, and critically, Global Equity did not place the telephone call alleged in Plaintiff's Complaint. Global Equity does not own the telephone number from which the call allegedly originated, has never employed the individual who allegedly placed the call, and has no record of ever contacting Plaintiff or his telephone number. Plaintiff's inclusion of Global Equity in this lawsuit appears to be a case of mistaken identity, as Plaintiff may have confused Global Equity with another entity. Nevertheless, Plaintiff cannot establish the jurisdictional prerequisites necessary to hale Global Equity—a California company with no Oklahoma contacts—into this forum.

For the reasons set forth below, this Court should dismiss all claims against Global Equity.

## STATEMENT OF RELEVANT FACTS

Plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma, on January 21, 2026, Case No. CJ-2026-514. On February 16, 2026, Defendant Global Equity removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.

### A. Global Equity's Corporate Information and Complete Lack of Oklahoma Contacts

As set forth in the Declaration of Cornell Hough, Founder and Chief Executive Officer of Global Equity, filed contemporaneously herewith (the "Declaration"), Global Equity has absolutely no connection to the State of Oklahoma.[1] Global Equity is a corporation organized and existing under the laws of the State of California, with its principal place of business located in San Diego, California.[2] Global Equity is engaged in the business of mortgage lending and financial services.[3]

---

[1] Decl. ¶ 5.
[2] Decl. ¶ 4.
[3] Decl. ¶ 4.

Global Equity has no offices, branches, employees, agents, representatives, or independent contractors in Oklahoma.[4] It owns no real or tangible personal property in the state, maintains no registered agent for service of process, and holds no bank accounts or other assets there.[5] Global Equity has never conducted any business operations in Oklahoma, is not registered to do business there, does not advertise or market its services to Oklahoma residents, and has no contracts with any Oklahoma residents or entities.[6]

## B. Global Equity's Denial of the Alleged Telephone Call

Plaintiff's Complaint alleges that on May 14, 2024, at 4:26 p.m., an individual identified as "Paul Edwards" placed a telephone call from telephone number (949) 481-5238 to Plaintiff and identified himself as calling from "Global Equity." Plaintiff also alleges that he received the call on his telephone number (405) 269-1782.

Mr. Hough investigated these allegations when Plaintiff first contacted Global Equity in May 2024 and re-confirmed his findings in connection with this litigation.[7] Based on his personal knowledge and review of Global Equity's business records, Mr. Hough states unequivocally that Global Equity does not own, has never owned, operated, leased, licensed, or otherwise controlled telephone number (949) 481-5238.[8] That number has never been assigned to Global Equity or any of its employees, agents, or representatives, and Global Equity has no record of ever using it for any purpose.[9] Global Equity owns all of the Direct Inward Dialing ("DID") numbers from which it places telephone calls, and (949) 481-5238 is not among them.[10]

---

[4] Decl. ¶ 5(a)–(b).
[5] Decl. ¶ 5(c)–(f)
[6] Decl. ¶ 5(g)–(j).
[7] Decl. ¶¶ 3, 6.
[8] Decl. ¶ 7(a)–(b).
[9] Decl. ¶ 7(c)–(d).
[10] Decl. ¶ 7(e).

With respect to Plaintiff's telephone number, Global Equity has never called (405) 269-1782, and a search of Global Equity's telephone records, call logs, and customer relationship management systems revealed no record of any call to that number.[11] Global Equity did not authorize any person to place a telephone call to that number on its behalf.[12]

Global Equity has never employed any individual named "Paul Edwards," and no such individual has ever been authorized to act as an agent, representative, independent contractor, or in any other capacity on behalf of Global Equity.[13] Global Equity has no record of placing any telephone call to Plaintiff on May 14, 2024, or on any other date, did not place the telephone call alleged in the Complaint, and did not authorize any person or employ any company to call Plaintiff on its behalf.[14]

### C. Global Equity's Telephone Practices

Global Equity does not engage in the telemarketing practices alleged in the Complaint.[15] Global Equity does not spoof telephone numbers—it owns all DID numbers from which it places calls—and does not use a "robo telephone dialing system."[16] Critically, Global Equity does not purchase leads from lead qualifiers, or similar third-party entities, and does not use third-parties to place calls on its behalf or on behalf of multiple clients.[17] Global Equity places all of its own calls from telephone numbers it owns and controls, using its own employees.[18] All leads used by Global Equity have TCPA consent provided by its lead providers, and its telemarketing practices are conducted in compliance with applicable federal and state laws.[19] Accordingly, any suggestion

---

[11] Decl. ¶ 8(a)–(b).
[12] Decl. ¶ 8(c).
[13] Decl. ¶ 9(a)–(d).
[14] Decl. ¶ 10(a)–(d).
[15] Decl. ¶ 11.
[16] Decl. ¶ 11(a)–(b).
[17] Decl. ¶¶ 10(c)–(d), 11(c).
[18] Decl. ¶¶ 7(e), 11(a).
[19] Decl. ¶ 11(c)–(e).

that an intermediary or third-party vendor may have placed the alleged call on Global Equity's behalf is without merit.

## D. Global Equity Has No Relationship with Other Defendants

Global Equity has no business relationship, contractual relationship, joint venture, partnership, or other affiliation with any of the other defendants named in Plaintiff's Complaint, including Blue Green Energy, Inc.; National Coin Group LLC; New York Numismatic Group LLC; PHX Financial, Inc.; Pinnacle Coin Group LLC; Pinnacle Wealth Preservation L.L.C.; Premier Rare Coins LLC; Coastal Equities, Inc. (dba Realta Equities); Rosland Capital LLC; or Vessel Capital LLC.[20]

Global Equity has never participated in any coordinated telemarketing campaign, lead-sharing arrangement, or data-sharing arrangement with any of the other defendants named in this action.[21] Global Equity has never purchased leads, customer lists, or marketing data from any of the other defendants named in this action, and has never sold leads, customer lists, or marketing data to any of the other defendants.[22] To Mr. Hough's knowledge, Global Equity has never had any communications or dealings with any of the other defendants named in this action regarding telemarketing, lead generation, or any other business matter.[23]

## E. Plaintiff May Have Confused Global Equity with Another Entity

Global Equity Finance, Inc. has no affiliation with any entity known as "Global XP" or any similar name.[24] Global Equity is a distinct legal entity that operates solely in the mortgage lending

---

[20] Decl. ¶ 12(a).
[21] Decl. ¶ 12(b).
[22] Decl. ¶ 12(c)–(d).
[23] Decl. ¶ 12(e).
[24] Decl. ¶ 13(a).

and financial services industry.[25] Global Equity is not responsible for the actions of any other company that may use "Global" in its name.[26]

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statute."[27] Oklahoma law "permits the exercise of any jurisdiction that is consistent with the United States Constitution." [28] Accordingly, in Oklahoma, the decision of whether to exercise personal jurisdiction over a defendant "collapses into a single due process analysis under the Constitution."[29]

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'"[30] The plaintiff bears the burden of establishing personal jurisdiction over the nonresident defendant.[31] As part of that burden, Plaintiff must establish jurisdiction for each claim asserted.[32]

Where a court decides a Rule 12(b)(2) motion based on the complaint, a plaintiff must make a prima facie showing that jurisdiction exists.[33] When a defendant supports its motion to dismiss with affidavits or declarations, as Global Equity does here, the plaintiff may not rest upon

---

[25] Decl. ¶ 13(b).

[26] Decl. ¶ 13(c).

[27] Fed. R. Civ. P. 4(k)(1)(A).

[28] *United States v. Botefuhr* , 309 F.3d 1263, 1271 (10th Cir. 2002).

[29] *Id*.

[30] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.* , 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World-Wide Volkswagen Corp. v. Woodson* , 444 U.S. 286, 291 (1980)).

[31] *See, e.g.* , Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022); *XMission, L.C. v. Fluent LLC* , 955 F.3d 833, 839 (10th Cir. 2020).

[32] *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (personal jurisdiction must be made "with respect to each of the claims alleged" and "[c]onclusory allegations [] need not be credited by this court and "will not suffice to defeat a Fed. R. Civ. P. 12(b) motion.).

[33] *See Eighteen Seventy*, 32 F.4th at 964; *OMI Holdings, Inc. v. Royal Ins. Co. of Can.* , 149 F.3d 1086, 1091 (10th Cir. 1998).

mere allegations but must submit evidence sufficient to establish a prima facie case of jurisdiction.[34]

There are two types of personal jurisdiction: "general" and "specific."[35] A defendant is subject to general personal jurisdiction only when its forum contacts are so "'continuous and systematic' as to render [it] essentially at home [there]."[36] For a corporate defendant, the fora it is subject to "general jurisdiction" is its place of incorporation and its principal place of business.[37] Specific jurisdiction requires that the suit "aris[e] out of or relat[e] to the defendant's contacts with the forum."[38] "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum [s]tate."[39]

For personal jurisdiction to satisfy due process: (1) the "defendant must have 'purposefully established minimum contacts within the forum state'"; and (2) "the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice."[40]

Specific jurisdiction turns on a three-step analysis: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice."[41]

At step one, "the out-of-state defendant must have "purposefully directed" its activities

---

[34] *Beverly Kuenzle, Wayne Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996); *Foraker v. Reeve*, 2011 WL 6056899, at *1 (N.D. Okla. Dec. 5, 2011).

[35] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[36] *Id*. at 919.

[37] *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

[38] *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017).

[39] *Id*.

[40] *Dental Dynamics*, 946 F.3d at 1229.

[41] *See Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

at residents of the forum state . . . ."[42] This requirement "'ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.'"[43] "Moreover, the "mere foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction."[44]

## ARGUMENT

## I. THIS COURT LACKS GENERAL JURISDICTION OVER GLOBAL EQUITY

General jurisdiction over Global Equity does not exist in Oklahoma. Global Equity is a California corporation with its principal place of business in San Diego, California.[45] It is not incorporated in Oklahoma, and its principal place of business is not in Oklahoma.[46]

The Supreme Court has made clear that "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction.'"[47] General jurisdiction exists only in those forums where the defendant's contacts are so "continuous and systematic" as to render it "essentially at home."[48]

Plaintiff has not alleged—nor could he—that Global Equity has "continuous and systematic" contacts with Oklahoma. The Declaration establishes beyond dispute that Global Equity has no offices, employees, property, registered agent, bank accounts, or business operations in Oklahoma.[49] Global Equity is not registered to do business in Oklahoma and has never been registered to do business in Oklahoma.[50] Accordingly, general jurisdiction over Global Equity does not exist.

---

[42] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).
[43] *Dental Dynamics*, 946 F.3d at 1229.
[44] *Wyles v. Brady*, 822 Fed. Appx 690, 695 (10th Cir. 2020).
[45] Decl. ¶ 4.
[46] Decl. ¶¶ 4, 5(h).
[47] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).
[48] *Goodyear*, 564 U.S. at 919.
[49] Decl. ¶ 5(a)–(h).
[50] Decl. ¶ 5(h).

## II. THIS COURT LACKS SPECIFIC JURISDICTION OVER GLOBAL EQUITY

### A. Global Equity Has Not Purposefully Directed Any Activities at Oklahoma

Specific jurisdiction requires that a defendant have purposefully established minimum contacts within the forum state and that those contacts be such that the defendant should reasonably anticipate being haled into court there.[51] Here, Global Equity has established through competent evidence that it has no contacts whatsoever with Oklahoma, purposeful or otherwise. Because Global Equity did not place the alleged telephone call, did not own the telephone number from which it originated, did not employ the caller, and did not authorize any third party to contact Plaintiff on its behalf, Global Equity could not have "purposefully directed" any activities toward Oklahoma. One cannot purposefully direct activities toward a forum when one has taken no action whatsoever with respect to that forum.

The sole contact alleged against Global Equity in the Complaint is a single telephone call allegedly placed on May 14, 2024, by an individual identified as "Paul Edwards" from telephone number (949) 481-5238. However, as established in the Declaration:

- Global Equity does not own telephone number (949) 481-5238 and has never owned, operated, leased, licensed, or otherwise controlled that number.[52]

- Global Equity has never employed any individual named "Paul Edwards," and no such individual has ever been authorized to act on behalf of Global Equity.[53]

- Global Equity has no record of placing any call to Plaintiff on May 14, 2024, or on any other date.[54]

---

[51] *See Dental Dynamics*, 946 F.3d at 1229.
[52] Decl. ¶ 7(a)–(b).
[53] Decl. ¶ 9(a)–(b).
[54] Decl. ¶ 10(a).

- Global Equity did not authorize any person or company to place a telephone call to Plaintiff on its behalf.[55]

Because Global Equity did not place the alleged telephone call, there is no "contact" with Oklahoma upon which to predicate personal jurisdiction. The allegations in the Complaint are flatly contradicted by the sworn declaration of Global Equity's CEO, and Plaintiff cannot rest upon mere allegations in the face of competent evidence to the contrary.[56]

## B. Plaintiff's Claims Do Not Arise from Any Forum-Related Activity by Global Equity

Even if Global Equity had some minimal contact with Oklahoma (which it does not), specific jurisdiction requires that "the plaintiff's injuries [arise] out of [those] forum-related activities."[57] Because Global Equity did not place the alleged telephone call, Plaintiff's alleged injuries cannot possibly arise from any forum-related activity by Global Equity.

As detailed above, Global Equity has no record of ever contacting Plaintiff, does not own the telephone number from which the alleged call was made, and has never employed the individual who allegedly made the call.[58] Plaintiff's TCPA claims against Global Equity therefore cannot arise from any contacts between Global Equity and Oklahoma, because no such contacts exist.

## C. Plaintiff's Conclusory Allegations Are Insufficient to Establish Personal Jurisdiction

Plaintiff's Complaint contains only bare and conclusory allegations against Global Equity. The Complaint simply describes Global Equity as "a mortgage and financial services entity

---

[55] Decl. ¶ 10(c)–(d).
[56] Decl. ¶¶ 10, 14; *Beverly Kuenzle, Wayne Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996); *Foraker v. Reeves,* 2011 WL 6056899, at *1 (N.D. Okla. Dec. 5, 2011).
[57] *Dental Dynamics*, 946 F.3d at 1229.
[58] Decl. ¶¶ 7, 9, 10.

headquartered and registered in San Diego, California." There is no specific allegation that Global Equity "transacts business" in Oklahoma or has any contacts with the forum state.

Bare and conclusory allegations are insufficient to establish personal jurisdiction.[59] Where, as here, a defendant has submitted a declaration refuting the jurisdictional allegations, Plaintiff cannot rest upon conclusory allegations but must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.[60]

Plaintiff cannot meet this burden because no facts exist to support this Court's exercise of personal jurisdiction over Global Equity. Global Equity has categorically denied placing the alleged call, denied employing the alleged caller, denied owning the telephone number from which the call was allegedly made, and denied any connection to Oklahoma.[61]

### D. Oklahoma's Statutory Presumption Does Not Apply

Plaintiff has cited the rebuttable presumption under 15 O.S. § 775C.3(D), which provides that a call made to an Oklahoma area code is presumed to be made to an Oklahoma resident. However, this presumption is inapplicable here for one dispositive reason: Global Equity did not make the alleged telephone call. A statutory presumption regarding the recipient's residency is irrelevant when the defendant categorically denies-and has submitted sworn evidence establishing-that it never placed the call in question.

The presumption under Section 775C.3(D) presupposes that the defendant actually made a call to an Oklahoma area code; it does not create a presumption that any particular defendant made a call. Because Global Equity has established through the Declaration that it did not place any call to Plaintiff's telephone number, did not own or control the telephone number from which the call

---

[59] *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020).
[60] *OMI Holdings*, 149 F.3d at 1091.
[61] Decl. ¶¶ 5, 7, 9, 10, 14.

allegedly originated, and did not employ or authorize the individual who allegedly made the call, the statutory presumption simply has no application to Global Equity. Global Equity's sworn denial of placing the call rebuts any inference that could be drawn from the presumption, and Plaintiff cannot rely on a statutory presumption to establish personal jurisdiction over a defendant that did not engage in the conduct giving rise to the presumption.

### E. Global Equity Has No Relationship with the Other Defendants

Plaintiff's Complaint appears to allege a conspiracy among the defendants to engage in illegal telemarketing practices. However, the Declaration establishes that Global Equity has no business relationship, contractual relationship, joint venture, partnership, or other affiliation with any of the other defendants named in Plaintiff's Complaint.[62]

As set forth in Section D above, Global Equity has no business relationship, coordinated marketing arrangement, or data-sharing relationship with any of the other defendants.[63] Any contacts that the other defendants may have with Oklahoma cannot be imputed to Global Equity for purposes of establishing personal jurisdiction.[64]

### III. EXERCISING JURISDICTION OVER GLOBAL EQUITY WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

Even if Plaintiff could establish minimum contacts (which he cannot), the exercise of personal jurisdiction over Global Equity would offend traditional notions of fair play and substantial justice.[65]

Courts consider several factors in assessing reasonableness, including: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in

---

[62] Decl. ¶ 12(a).
[63] Decl. ¶ 12(b).
[64] Decl. ¶ 12(e).
[65] *See Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987); *Dental Dynamics*, 946 F.3d at 1229.

CORE/3533992.0005/238764444.1

receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.[66]

Here, the burden on Global Equity of defending a lawsuit in Oklahoma—a state with which it has absolutely no connection—would be substantial.[67] Global Equity is a California corporation headquartered in San Diego, with no offices, employees, or operations in Oklahoma.[68] Requiring Global Equity to defend itself in Oklahoma based on a telephone call it did not make, from a telephone number it does not own, by an individual it has never employed, would be fundamentally unfair.[69]

Oklahoma has no legitimate interest in resolving this dispute as to Global Equity. Global Equity conducts no business in Oklahoma, has no customers in Oklahoma, and has never had any contact with Oklahoma.[70] The alleged call did not originate in Oklahoma, and there is no evidence that Global Equity directed any activities toward Oklahoma.

Allowing Plaintiff to hale a California company with no Oklahoma contacts into an Oklahoma court based on a call that company did not make would offend fundamental notions of fair play.

### CONCLUSION

For the foregoing reasons, Defendant Global Equity Finance, Inc. respectfully requests that this Court dismiss all claims against for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Declaration demonstrates that Global Equity has no connection

---

[66] *Asahi*, 480 U.S. at 113.
[67] Decl. ¶ 5.
[68] Decl. ¶¶ 4, 5(a)–(b), (g).
[69] Decl. ¶¶ 7, 9, 10.
[70] Decl. ¶ 5.

whatsoever to the State of Oklahoma, did not place the telephone call alleged in the Complaint, does not own the telephone number from which the call allegedly originated, and has never employed the individual who allegedly placed the call.[71] Plaintiff cannot establish either general or specific personal jurisdiction over Global Equity, and the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. Accordingly, dismissal is warranted.

Dated: February 23, 2026

Respectfully submitted,

**STINSON LLP**

_/s/James L. Crawford_____
James L. Crawford (OBA #35271)
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
214.560.2201 (Telephone)
214.560.2203 (Facsimile)
james.crawford@stinson.com

***Attorney for Defendant Global Equity Finance***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2026, a true and correct copy of the above was provided via first class mail, with proper postage thereon prepaid to:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

_/s/James L. Crawford_____
James L. Crawford

---

[71] Decl. ¶¶ 5, 7, 9, 10, 14.

CORE/3533992.0005/238764444.1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:26-cv-00274-J |
| | ) | |
| BLUE GREEN ENERGY, INC.; | ) | |
| GLOBAL EQUTY FINANCE, INC.; | ) | Removed from the |
| NATIONAL COIN GROUP LLC, NEW | ) | Oklahoma County Case No. CJ-2026-514 |
| YORK NUMISMATIC GROUP LLC; | ) | |
| PHX FINANCIAL, INC.; PINNACLE | ) | |
| COIN GROUP LLC; PINNACLE | ) | |
| WEALTH PRESERVATION L.L.C.; | ) | |
| PREMIER RARE COINS LLC; | ) | |
| COASTAL EQUITIES, INC. (dba | ) | |
| REALTA EQUITIES); ROSLAND | ) | |
| CAPITAL LLC; VESSEL CAPITAL | ) | |
| LLC; and DOES 1 through 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF CORNELL HOUGH IN SUPPORT OF DEFENDANT GLOBAL EQUITY FINANCE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)

I, Cornell Hough, declare as follows:

1. I am the Founder and Chief Executive Officer of Global Equity Finance, Inc. ("Global Equity"), a defendant in the above-captioned action. I am over eighteen (18) years of age and am competent to make this Declaration. I have personal knowledge of the facts set forth herein.

2. I make this Declaration in support of Global Equity's Motion to Dismiss Plaintiff Anthony Trupia's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The facts stated in this Declaration are based on my personal knowledge, my review of Global Equity's business records maintained in the ordinary course of business, and information provided to me by other employees of Global Equity with personal knowledge of the matters described herein.

CORE/3533992.0005/238687942.1

3.      As Founder and CEO of Global Equity, I have direct knowledge of the company's operations, employees, telephone systems, and business practices. I am familiar with the allegations made by Plaintiff in this action, as Plaintiff contacted Global Equity directly in May 2024 making substantially similar allegations, and I personally investigated those allegations at that time.

## GLOBAL EQUITY'S CORPORATE INFORMATION AND LACK OF OKLAHOMA CONTACTS

4.      Global Equity Finance, Inc. is a corporation organized and existing under the laws of the State of California. Global Equity's principal place of business is located in San Diego, California. Global Equity is engaged in the business of mortgage lending and financial services.

5.      Global Equity has no connection to the State of Oklahoma. Specifically:

(a)  Global Equity has no offices, branches, or other physical locations in Oklahoma.

(b)  Global Equity has no employees, agents, representatives, or independent contractors working in Oklahoma or residing in Oklahoma.

(c)  Global Equity owns no real property in Oklahoma.

(d)  Global Equity owns no tangible personal property located in Oklahoma.

(e)  Global Equity has no registered agent for service of process in Oklahoma.

(f)  Global Equity maintains no bank accounts, financial accounts, or other assets in Oklahoma.

(g)  Global Equity has never conducted any business operations in Oklahoma.

(h)  Global Equity is not registered to do business in Oklahoma and has never been registered to do business in Oklahoma.

(i)  Global Equity does not advertise or market its services specifically to Oklahoma residents.

CORE/3533992.0005/238687942.1

(j)  Global Equity has no contracts with any Oklahoma residents or entities that would require performance in Oklahoma.

## GLOBAL EQUITY'S DENIAL OF THE ALLEGED TELEPHONE CALL

6.  I have reviewed Plaintiff's Complaint in this action, which alleges that on May 14, 2024, at 4:26 p.m., an individual identified as "Paul Edwards" placed a telephone call from telephone number (949) 481-5238 to Plaintiff and identified himself as calling from "Global Equity." Plaintiff also alleges that he received a call to his telephone number (405) 269-1782. I investigated these allegations when Plaintiff first contacted Global Equity in May 2024, and I have re-confirmed my findings in connection with this litigation. Based on my personal knowledge and review of Global Equity's business records, I can state the following:

7.  With respect to telephone number (949) 481-5238:

(a)  Global Equity does not own telephone number (949) 481-5238.

(b)  Global Equity has never owned, operated, leased, licensed, or otherwise controlled telephone number (949) 481-5238.

(c)  Telephone number (949) 481-5238 has never been assigned to Global Equity or any of its employees, agents, or representatives.

(d)  Global Equity has no record of ever using telephone number (949) 481-5238 for any purpose.

(e)  Global Equity owns all of the Direct Inward Dialing ("DID") numbers from which it places telephone calls, and telephone number (949) 481-5238 is not among them.

8.  With respect to Plaintiff's telephone number (405) 269-1782:

(a)  Global Equity has never called telephone number (405) 269-1782.

(b) I have caused a search to be made into Global Equity's telephone records, call logs, and customer relationship management systems, and no record of any call to telephone number (405) 269-1782 has been found.

(c) Global Equity did not authorize any person to place a telephone call to telephone number (405) 269-1782 on its behalf.

9.    With respect to the individual identified in Plaintiff's Complaint as "Paul Edwards":

(a) Global Equity has never employed any individual named "Paul Edwards."

(b) No individual named "Paul Edwards" has ever been authorized to act as an agent, representative, independent contractor, or in any other capacity on behalf of Global Equity.

(c) Global Equity has no record of any individual named "Paul Edwards" in its employment records, contractor records, or any other business records.

(d) I have made inquiry about Global Equity's personnel, including those responsible for human resources functions, and no individual named "Paul Edwards" appears in any current or historical employment records maintained by Global Equity.

10.    With respect to the alleged telephone call to Plaintiff:

(a) Global Equity has no record of placing any telephone call to Plaintiff Anthony Trupia on May 14, 2024, or on any other date.

(b) Global Equity did not place the telephone call alleged in the Complaint.

(c) Global Equity did not authorize any person to place a telephone call to Plaintiff on its behalf.

(d) Global Equity did not employ any company to call Plaintiff from telephone number (949) 481-5238 or any other number.

## GLOBAL EQUITY'S TELEPHONE PRACTICES

**11.** With respect to Global Equity's telephone and telemarketing practices:

(a)  Global Equity does not spoof telephone numbers. Global Equity owns all of the DID numbers from which it places telephone calls.

(b)  Global Equity does not use a "robo telephone dialing system."

(c)  Global Equity does not purchase leads from "lead qualifiers" or similar third-party entities.

(d)  All leads used by Global Equity have Telephone Consumer Protection Act ("TCPA") consent provided by Global Equity's lead providers.

(e)  Global Equity's telemarketing practices are conducted in compliance with applicable federal and state laws, including the TCPA.

## GLOBAL EQUITY'S LACK OF RELATIONSHIP WITH OTHER DEFENDANTS AND ENTITIES

**12.**    With respect to the other defendants named in this action:

a.  Global Equity has no business relationship, contractual relationship, joint venture, partnership, or other affiliation with any of the other defendants named in Plaintiff's Complaint, including Blue Green Energy, Inc.; National Coin Group LLC; New York Numismatic Group LLC; PHX Financial, Inc.; Pinnacle Coin Group LLC; Pinnacle Wealth Preservation L.L.C.; Premier Rare Coins LLC; Coastal Equities, Inc. (dba Realta Equities); Rosland Capital LLC; or Vessel Capital LLC.

b.  Global Equity has never participated in any coordinated telemarketing campaign, lead-sharing arrangement, or data-sharing arrangement with any of the other defendants named in this action.

c.  Global Equity has never purchased leads, customer lists, or marketing data from any of the other defendants named in this action.

d.  Global Equity has never sold leads, customer lists, or marketing data to any of the other defendants named in this action.

e.  To my knowledge, Global Equity has never had any communications or dealings with any of the other defendants named in this action regarding telemarketing, lead generation, or any other business matter.

13.  I am aware that Plaintiff may have confused Global Equity Finance, Inc. with another entity. For the avoidance of doubt:

a.  Global Equity Finance, Inc. has no affiliation with any entity known as "Global XP" or any similar name.

b.  Global Equity Finance, Inc. is a distinct legal entity that operates solely in the mortgage lending and financial services industry.

c.  Global Equity Finance, Inc. is not responsible for the actions of any other company that may use "Global" in its name.

## CONCLUSION

14.  I have no knowledge of any facts that would support Plaintiff's allegations that Global Equity placed the telephone call described in the Complaint or that Global Equity has any connection to the State of Oklahoma. Based on my investigation and review of Global Equity's business records, I am confident that Global Equity did not place the call alleged in the Complaint, does not own the telephone number from which the call allegedly originated, and has never employed the individual who allegedly placed the call.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____2/23_____, 2026, at San Diego, California.

By: _____

Cornell Hough
Founder and Chief Executive Officer
Global Equity Finance, Inc.

CORE/3533992.0005/238687942.1