# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

      Plaintiff,

v.

BLUE GREEN ENERGY, INC, et al.,

      Defendants.

NO. 26-cv-274-J

---

## NATIONAL COIN GROUP LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.

Aaron C. Tifft, OBA # 33288
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*atifft@hallestill.com*

ATTORNEYS FOR DEFENDANT,
NATIONAL COIN GROUP LLC

TABLE OF CONTENTS

**Page**

INTRODUCTION .......................................................................................................... 1

ARGUMENT AND AUTHORITIES ........................................................................... 3

I.    Standard of Review .............................................................................................. 3

II.   Plaintiff's numerous and inconsistent allegations amount to
      an impermissible "shotgun pleading" in violation of Rule 8. ............................ 4

      A.    The Rule 8(a)(2) analysis and improper "shotgun pleadings." .................. 4

      B.    Plaintiff's Complaint violates Rule 8 by pervasively
            utilizing vague and conclusory facts not connected to any
            cause of action. ........................................................................................... 6

      C.    Plaintiff's Complaint violates Rule 8 by failing to specify
            which claims are brought against which party, and which
            Defendants are responsible for which acts. ................................................ 7

      D.    Plaintiff's violation of Rule 8 merits dismissal of the
            Complaint. ................................................................................................... 9

III.  Plaintiff's allegations demonstrate that the Court does not
      possess personal jurisdiction over National Coin. ............................................ 9

      A.    The legal standards for establishing personal jurisdiction. ...................... 9

      B.    The Court does not have general jurisdiction over National Coin,
            because National Coin does not have continuous and systematic
            affiliations with Oklahoma sufficient to render it
            essentially at home. .................................................................................. 10

      C.    Plaintiff has not plead sufficient minimum contacts to
            establish specific jurisdiction over National Coin. .................................. 11

      D.    If the Court does find sufficient minimum contacts, it
            should decline to exercise personal jurisdiction as
            unreasonable. ............................................................................................ 14

      E.    Dismissal of Plaintiff's Complaint against National Coin for
            lack of personal jurisdiction is appropriate. ............................................ 14

## TABLE OF CONTENTS

Page

IV.    There is no private right of action for the Federal Caller ID
       restriction and Plaintiff's attempt to enforce the same through
       a negligence analysis should fail. .................................................................16

V.     Plaintiff failed to plead facts to support liability under Oklahoma
       Law for Count II "Caller ID Spoofing." ............................................................17

VI.    Count IV should be dismissed as a single telephone call is not
       sufficient to support a claim against National Coin for invasion of
       privacy or intrusion upon seclusion...................................................................18

CONCLUSION ............................................................................................................20

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AFTG-TG, LLC. v. Gigabyte Tech. Co.*, No. 10-CV-228-F,
2011 WL 13079300 (D. Wyo. Feb. 25, 2011) ........................................... 15

*Allbrandt v. Bank of Am., N.A.*, No. 14–cv–01977–CMA–KMT,
2015 WL 1186660 (D. Colo. Mar. 12, 2015).................................... 5

*Allen v. IM Solutions, LLC*, 83 F. Supp. 3d 1196
(E.D. Okla. 2015) .................................................... 11

*Asahi Metal Industry Co. v. Sup. Ct. of Cal.*,
480 U.S. 102 (1987) .................................................. 12, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................... 4

*Atuahene v. City of Hartford*, 10 Fed.Appx. 33
(2d Cir., May 31, 2001)................................................ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................... 3, 4

*Bogle v. JD Techs., Inc.*, No. 2:21-CV-00319-MJH,
2021 WL 3472151 (W.D. Pa. Aug. 6, 2021)............................... 15

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco
Cnty.*, 582 U.S. 255 (2017)........................................ 11, 12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)..................... 12

*Commonwealth Property Advocates, LLC v. Mortgage Electronic
Registration Sys., Inc.*, 680 F.3d 1194 (10th Cir. 2011) ................. 4

*Cook v. Baca*, 2011 WL 13157059 (D. N.M. July 8, 2011)................. 5

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ........................... 10

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223,
(10th Cir. 2020) ...................................................... 12

*Dubbs v. Head Start, Inc.*, 335 F.3d 1194 (10th Cir. 2003)........... 18, 19

*Fitzgerald v. Zakheim & LaVrar, P.A.*, 90 F. Supp. 3d 867
(D. Minn. 2015) ...................................................... 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Foyt v. Championship Auto Racing Teams, Inc.*,
947 F. Supp. 290 (S.D. Tex. 1996).........................................................15

*Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH,
2022 WL 3401949 (N.D. Okla. Aug. 16, 2022), *appeal dismissed,*
No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022),
*cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023)...................5, 9

*Gilmore v. Enogex, Inc.,* 1994 OK 76, 878 P.2d 306 ......................................18

*Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368
(10th Cir. 1989) ..............................................................................5

*Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ,
2018 WL 3371091 (N.D. Okla. July 10, 2018)...............................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ......................................................................10, 11

*Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224
(D. Colo. 2014)..............................................................................5

*Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71
(S.D.N.Y. 1951)..............................................................................8

*Ioszpe v. Unifin, Inc.,* No. CIV-25-98-SLP, 2025 WL 2487349
W.D. Okla. Aug. 28, 2025) ...................................................................13

*Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191
(D. Colo. 2015)..............................................................................14

*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,*
606 U.S. 146 (2025) .........................................................................17

*Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, 414 P.3d 824 ...........................10

*Munley v. ISC Financial House, Inc.,* 1978 OK 123, 584 P.2d 1336 ...........................18

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086
(10th Cir. 1998) .........................................................................12, 14

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) ....................................4, 5, 9

# TABLE OF AUTHORITIES

**Page**

## Cases

*Salmon v. CRST Expedited, Inc.,* No. 4:14-cv-0265, 2016 WL 47876
(N.D. Okla. Jan. 4 2016) ........................................................................ 19

*Shero v. City of Grove,* 510 F.3d 1196 (10th Cir. 2007) ............................... 3, 4

*Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292
(10th Cir. 1999) ..................................................................................... 15

*Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC,*
No. 16-CV-491-GKF-PJC, 2016 WL 4995168
(N.D. Okla. Sept. 16, 2016) .............................................................. 10, 11

*Trupia v. Bob Moore Enterprises LLC,* 25-cv-00568-HE (W.D. Okla.) .......................... 1

*Trupia v. Bob Moore Enterprises LLC,* CJ-2025-2993, Journal Entry,
January 9, 2026) ...................................................................................... 1

*Trupia v. Heritage Hard Assets LLC, et al.,* 24-cv-00498-J, Order
(W.D. Okla. Feb. 3, 2025) ........................................................................ 6

*Trupia v. John Roberts [C.J.], et al.,* 25-cv-00621-HE (W.D. Okla.) ........................... 1

*Trupia v. X Corp., et al.,* 26-cv-00157-O-BP (N.D. Tex) ..................................... 1

*Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313,
(11th Cir. 2015) ................................................................................... 5, 6

*Wenz v. Memery Crystal,* 55 F.3d 1503 (10th Cir. 1995) ................................... 15

*Whitney v. State of N.M.,* 113 F.3d 1170, (10th Cir. 1997) ................................ 13

*Williams v. Berryhill,* No. 16–cv–1026 BCW,
2018 WL 2234902 (D. Utah May 16, 2018) .............................................. 5

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980) ........................ 12

*Worsham v. Travel Options, Inc.,* No. JKB-14-2749, 2016 WL 4592373
(D. Md. Sept 2, 2016) ............................................................................. 17

*Wyles v. Brady,* 822 F. App'x 690 (10th Cir. 2020) .................................... 12, 13

**Page**

**Statutes**

47 U.S.C. § 227(e) ...................................................................................... 16, 17

12 O.S. § 2004(F) ............................................................................................. 10

15 O.S. §775C.3.(B) .................................................................................... 17, 18


**Rules**

Fed. R. Civ. P. ................................................................................................. 8, 9

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................... 10

Fed. R. Civ. P. 8(a)(2). ............................................................................... Passim

Fed. R. Civ. P. 12(b)(2) ........................................................................... 1, 14, 20

Fed. R. Civ. P. 12(b)(6) .............................................................................. 1, 2, 3

Fed. R. Evid. 408 ............................................................................................. 11


**Other Authorities**

Restatement (Second) of Torts, § 652B cmt. d (1977) ..................................... 19

"How I made $100,000 in One Year Suing Spam Callers, and You Could Too!"
YouTube, Oct. 7, 2024, https://www.youtube.com/watch?v=FfoNM9CHupY ........... 1, 2

Defendant, National Coin Group, LLC ("**National Coin**"), moves the Court to dismiss Plaintiff's Petition for Damages and Injunctive Relief (Doc. 1-1) (hereinafter the "**Complaint**") for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to dismiss Plaintiff's claims against National Coin for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, National Coin states as follows:

## INTRODUCTION

Plaintiff is a serial litigant seeking to use the Court system, not to remedy true harm, but for his own financial gain or personal grievances. *See* "How I made $100,000 in One Year Suing Spam Callers, and You Could Too!" YouTube, Oct. 7, 2024, https://www.youtube.com/watch?v=FfoNM9CHupY.[1] The Plaintiff explains for himself:

> So how did I make so much money suing spam callers? Yeah, you're going to be shocked, it's so much simpler than you would expect. *To begin with, I answer all my calls.* To sue someone, you generally have to know who they are. The only way to identify these callers is to pick up the phone, say hello, and listen through some of these sales pitches. *So, I answer all my calls.* The Snowshoe calls, *the sales calls, I answer them all.* When I finally get one of these salespeople on the line, *I like to sound old, feeble, or slow.*

---

[1] *See also Trupia v. John Roberts [C.J.], et al.*, 25-cv-00621-HE (W.D. Okla.) (Plaintiff alleged that Chief Justice Roberts and the Presidents of the American and Oklahoma Bar Associations were conspiring to deprive him of access to the courts); *Trupia v. X Corp., et al.*, 26-cv-00157-O-BP (N.D. Tex) (Plaintiff alleged he had been damaged by X and Elon Musk in the amount of $5 million for suppressing his speech); *Trupia v. Bob Moore Enterprises LLC*, 25-cv-00568-HE (W.D. Okla.) (wherein the Court dismissed similar claims to this action and ordered Plaintiff not to contact defendant or defendant's counsel, Doc #7 & 28; on remand the state court dismissed the remaining claims with prejudice, *Trupia v. Bob Moore Enterprises LLC*, CJ-2025-2993, Journal Entry, January 9, 2026).

1

*Id.* at timestamp 13:59-14:35 (emphasis added). After Plaintiff answered any number of calls, trawling for businesses to sue while trying to sound "old, feeble, or slow," he allegedly received a *single call* from National Coin and saw his opportunity to leverage the legal system for his pecuniary gain.

Plaintiff's Complaint describes a fantastical noir of "ghost callers" in cahoots with a disparate group of businesses from around the country, all aligned together to engage in an "arbitrage of fraud" against Plaintiff. These businesses allegedly hired nefarious actors to call him hundreds of times—all of which he presumably tried to answer in an effort to find more litigation targets.

In the real world, National Coin allegedly made a *single wrong-number* call to Plaintiff. Its only alleged connections to the other Defendants and the ghost calls/callers, are Plaintiffs conclusory and factually devoid claims.

The Complaint asserts multiple claims against multiple Defendants without adequately specifying which of the Defendants are responsible for which acts, or which of the Defendants a claim is brought against. Plaintiff repeatedly and improperly includes conclusory, vague, and immaterial facts to attempt stating his claims and allegations. The vast majority of Plaintiff's assertions are irrelevant or involve non-specific collective allegations against the Defendants or a large subset thereof. Moreover, the existence of a few specific allegations, in tandem with the extensive collective allegations, causes multiple inconsistencies within the Complaint. Plaintiff's Complaint deprives National Coin, and all Defendants, of fair notice of the claims against it, the factual bases for the same, and should be dismissed pursuant to Rule 8(a)(2) and Rule 12(b)(6).

2

Additionally, Plaintiff failed to plead sufficient facts to support this Court's exercise of personal jurisdiction. As discussed fully below, the Complaint pleads no facts to support the exercise of general jurisdiction over National Coin. Moreover, the alleged connection between National Coin and Oklahoma is a single phone call to the Plaintiff's number, which he received at an unspecified location. A single call is insufficient to exercise specific jurisdiction over National Coin. Accordingly, this Court should not exercise personal jurisdiction over National Coin and dismiss the claims against it pursuant to Rule 12(b)(2).

## ARGUMENT AND AUTHORITIES

### I.    Standard of Review

Under the Federal Rules of Civil Procedure, a plaintiff's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In response, a defendant may move to dismiss the plaintiff's initial pleading, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In reviewing such a motion, "a court must accept as true all well-pleaded facts, *as distinguished from conclusory allegations*, and those facts must be viewed in the light most favorable to the non-moving party." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (emphasis added).  Nevertheless, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).

3

Instead, "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero*, 510 F.3d at 1200 ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."). Dismissal is therefore appropriate where the complaint does not allege "facts supporting *all the elements necessary to establish an entitlement to relief under the legal theory proposed.*" *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (emphasis added; quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

## II.    Plaintiff's numerous and inconsistent allegations amount to an impermissible "shotgun pleading" in violation of Rule 8.

### A.    The Rule 8(a)(2) analysis and improper "shotgun pleadings."

The purpose of Fed. Rule Civ. Proc. 8(a)(2) is to, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (cleaned up). When a plaintiff collectively refers to the defendants, "but with no distinction as to what acts are attributable to whom," the defendants cannot ascertain what particular acts they are alleged to have committed and dismissal is warranted for failure of notice under

4

Rule 8(a)(2). *Robbins*, 519 F.3d at 1249-50 (reversing the district court with instructions to dismiss the complaint).

Multiple courts in the Tenth Circuit and beyond have begun to disparagingly refer to complaints that violate Rule 8(a)(2) as "shotgun pleadings." *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015) (collecting cases); *Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018); *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242 (D. Colo. 2014); *Williams v. Berryhill*, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); *Cook v. Baca*, 2011 WL 13157059, at *3 n.1 (D. N.M. July 8, 2011); *Allbrandt v. Bank of Am., N.A.*, 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015); *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *5 (N.D. Okla. Aug. 16, 2022), *appeal dismissed*, No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed*, 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023). "The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn*, 868 F.2d at 371. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland.*, 792 F.3d at 1320.

In *Weiland*, the court undertook a significant analysis of more than sixty published cases to synthesize various types of "shotgun complaints" into four categories: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is full of conclusory, vague, and immaterial facts

5

not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. Each of these four categories describes complaints that violate Rule 8(a)(2). Plaintiff's complaint falls in at least two of these categories.

B.    **Plaintiff's Complaint violates Rule 8 by pervasively utilizing vague and conclusory facts not connected to any cause of action.**

Plaintiff's Complaint violates Rule 8(a)(2) by utilizing conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Trupia v. Heritage Hard Assets LLC, et al.*, 24-cv-00498-J, Order (W.D. Okla. Feb. 3, 2025) (dismissing a similar action filed by Mr. Trupia for violations of Rule 8). The Complaint alleges that National Coin as well as nine other separate and unrelated entities, the officers of all, "ratified" prior "ghost calls" received by Plaintiff and "operate as an interconnected ecosystem of benefitting participants." Doc. 1-1 at ¶ 61, 66, 69, 72. Simultaneously, Plaintiff includes multiple extraneous details of these various parties, including *inter alia*, anonymous complaints with the Better Business Bureau, discussions regarding settlement offers with the Defendants, assertions that the Defendants are involved in "Industrialized Fraud," and providing blog posts discussing "THE ANATOMY OF THE BLACK MARKET: ECONOMIC IMPERATIVES OF FRAUD." *See, e.g.,* Doc. 1-1 at ¶ 2, 6, 25-28, 31, 33, and 55. Notably, Plaintiff does not seem to assert a fraud claim. These various

6

conclusory "facts" are, at best, immaterial and are not obviously connected to any particular cause of action. Accordingly, the Complaint violates Rule 8(a)(2) and should be dismissed in its entirety.

> **C.     Plaintiff's Complaint violates Rule 8 by failing to specify which claims are brought against which party, and which Defendants are responsible for which acts.**

The Complaint violates Rule 8(a)(2) by asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. The most egregious flaw of the Complaint is Plaintiff's choice to join and refer to almost all Defendants collectively as "Seller Defendants." This is compounded by claiming, seemingly in each of the six counts, that Seller Defendants are vicariously liable for the actions of unidentified "John Doe Defendants." This liability through "ratification" is devoid of any plead factual nexus between the named and unidentified Defendants.

Plaintiff's only direct allegation against National Coin, free from unsupported conclusions or speculation, involves a *single call* to Plaintiff's phone. Doc. 1-1 at ¶ 33. Plaintiff provides no description of the contents of the call beside the assertion that it was directed to "Howard," not Plaintiff, and that the call came from a 405 number. *Id.* The remaining assertions include conclusory allegations regarding the source of the "Howard Ship" lead and a recitation of inadmissible settlement communications. *Id.* Yet, Plaintiff groups National Coin with nine other separate and unrelated entities, and the officers of all, (the "Seller Defendants") to make completely different claims. *Id.* at ¶ 41 and 57. Among many other things, Plaintiff makes the conclusory claim that the Seller Defendants

7

"ratified" actions of unspecified "John Doe" defendants, but makes no factual allegation to connect National Coin, or any callers referencing "Howard Ship," to the automated "ghost calls" Plaintiff allegedly received. *Id.* at ¶ 57, 61, 69-81.

Plaintiff includes the claim that "[t]he Defendants operate as an interconnected ecosystem," to make highly offensive calls and claimed subsequent calls of an aggressive and threatening nature. *Id.* at ¶ 72, 76. Because Plaintiff chose to collectively refer to all defendants, he asserts that National Coin's single, wrong number, call amounts to an aggressive and threatening call. The inconsistency continues in Count IV. While only alleging a single call by National Coin, Plaintiff simultaneously claims the "volume of calls" amount to a highly offensive intrusion. Doc. 1-1 at ¶ 76.

These repeated inconsistent collective allegations deprive National Coin of fair notice of the Plaintiff's claims and the grounds upon which they rest. "The complaint in this action succeeds only in obscuring the issues. It promises unnecessary confusion—to the litigants and to the court when and if the case comes to trial." *Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71, 72 (S.D.N.Y. 1951) (dismissing a complaint that was in violation of Rule 8). Allowing this action to continue with the Complaint as drafted will improperly force the burden of defining Plaintiff's claims and their targets on the Defendants and ultimately the Court. Plaintiff's *pro se* status is insufficient to excuse the simple duties of Rule 8—a short and plain statement of Plaintiff's claims and the facts entitling him to relief.[2]

---

[2] "Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure and substantive law,

8

**D.      Plaintiff's violation of Rule 8 merits dismissal of the Complaint.**

By failing to provide the notice required by Rule 8(a)(2), Plaintiff's Complaint does not state a claim upon which relief can be granted and should be dismissed. Appellate courts in the Tenth Circuit and elsewhere have held that dismissal is warranted for failure to state a claim when the complaint does not provide requisite notice under Rule 8(a)(2). *Robbins*, 519 F.3d at 1249-50 (reversing the district court with instructions to dismiss the complaint); *see also Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (affirming a dismissal for failure of notice under Rule 8 because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'"). Accordingly, the Plaintiff's complaint should be dismissed in its entirety.

**III.     Plaintiff's allegations demonstrate that the Court does not possess personal jurisdiction over National Coin.**

Although most of Plaintiff's allegations are vague and improperly combine several Defendants, the few specific allegations against National Coin demonstrate that there is no basis for the Court to exercise personal jurisdiction over it.

**A.      The legal standards for establishing personal jurisdiction.**

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant...who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized

---

and the liberal construction to be afforded does not transform vague and conclusory arguments into valid claims for relief. The Court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *2 (N.D. Okla. Aug. 16, 2022), *appeal dismissed*, No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed*, 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023).

by a federal statue." Fed. R. Civ. P. 4(k)(1)(A). "Oklahoma's long arm statute for establishing [personal] jurisdiction...sets the limits of the state's jurisdiction over a nonresident to the outer limits permitted of the Oklahoma and United States Constitutions." *Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, ¶ 18, 414 P.3d 824, 829 (citing 12 O.S. § 2004(F)). Accordingly, this Court may exercise personal jurisdiction over National Coin only if doing so is authorized by statute or would be consistent with the limits imposed by the United States Constitution. Because none of Plaintiff's claims permit nationwide service of process, the Court must undertake the constitutional analysis. Under the analysis, there are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

**B.     The Court does not have general jurisdiction over National Coin, because National Coin does not have continuous and systematic affiliations with Oklahoma sufficient to render it essentially at home.**

Plaintiff makes no allegations of continuous or systemic contacts between National Coin and Oklahoma that could support general jurisdiction in this Court. A court with general jurisdiction may hear any claim against the defendant, even if the incidents giving rise to the claims against the defendant occurred in another state. *Id.* at 919. However, "only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop*, 564 U.S. at 924; *see also Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, No. 16-CV-491-GKF-PJC, 2016 WL 4995168 (N.D. Okla. Sept.

10

16, 2016) (applying "at home" standard to a limited liability company, considering its principal place of business, and finding two agreements with independent contractors insufficient to convey general jurisdiction); *Allen v. IM Solutions, LLC,* 83 F. Supp. 3d 1196, 1204 (E.D. Okla. 2015) (applying "at home" standard to a limited liability company and considering the state of organization and its principal place of business). An out-of-state entity is "at-home" for the purposes of general jurisdiction when, "their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop,* 564 U.S. at 919.

Plaintiff alleges no facts to support this Court's exercise of general jurisdiction over National Coin. The Complaint indicates that National Coin's principal place of business is in Florida and is registered in Delaware. Doc. 1-1 at ¶ 10. The Complaint further alleges that National Coin called Plaintiff *once* on June 5, 2024. *Id.* at ¶ 33.[3] Assuming, *arguendo,* that National Coin did make a call to Plaintiff in Oklahoma City, this single call falls far short of the standard for exercise of general jurisdiction over National Coin. Therefore, Plaintiff must establish specific jurisdiction over National Coin.

### C.    Plaintiff has not plead sufficient minimum contacts to establish specific jurisdiction over National Coin.

Plaintiff's alleged *single call* is insufficient for this Court to exercise specific jurisdiction over National Coin. "Specific jurisdiction is very different." *Bristol-Myers*

---

[3] The only other call referenced in the Complaint from National Coin was not a solicitation, but explicitly in response to a demand letter and, according to Plaintiff, included a settlement offer. Accordingly, such communications are inadmissible factual allegations to support Plaintiff's claims. FRE 408.

*Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). "First, [the court] must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum," *id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)), "and whether the plaintiff's claim arises out of or results from 'actions by the defendant himself that create a substantial connection with the forum state,'" *id.* (quoting *Asahi Metal Industry Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987)).

The requirement for purposeful direction, "ensures that defendants will not be haled into court in foreign jurisdictions solely as a result of random, fortuitous, or attenuated contacts." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (cleaned up). "Moreover, the mere foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction." *Wyles v. Brady*, 822 F. App'x 690, 695 (10th Cir. 2020).

A single phone call is insufficient to find purposeful direction or availment and minimum contacts with Oklahoma. "By placing a single phone call to [plaintiff], [defendant] did not purposefully avail himself of the privilege of conducting activities within the forum state" in which [plaintiff] happened to be." *Wyles v. Brady*, 822 F. App'x 690, 695–96 (10th Cir. 2020) (quotation omitted); *see also Dental Dynamics*, 946 F.3d at 1231 (exchanging text messages "many times" insufficient to confer personal jurisdiction);

12

*Ioszpe v. Unifin, Inc.*, No. CIV-25-98-SLP, 2025 WL 2487349, at *3 (W.D. Okla. Aug. 28, 2025) (dismissing an action for lack of specific personal jurisdiction when plaintiff alleged four calls to a 405 telephone number, from a 405 telephone number, by an Illinois company).

Plaintiff's only direct allegation against National Coin involves a single call to the Plaintiff's phone. Doc. 1-1 at ¶ 33. Yet, Plaintiff fails to even allege that he was in Oklahoma at the time of receiving the call. Accordingly, there is no basis for the court to find specific jurisdiction. Even though the Court is not to "supply additional factual allegations to round out a [pro se] plaintiff's complaint," we will conduct the exercise in the interest of judicial economy. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Assuming the Plaintiff was in Oklahoma at the time of the call from National Coin, that single phone call does not constitute the minimum contacts necessary to exercise specific jurisdiction. *See Wyles*, 822 F. App'x at 695–96; *Ioszpe*, 2025 WL 2487349, at *3.

There is no purposeful direction to this state where the Complaint indicates the call was not even purposefully directed at Plaintiff. The Complaint states that with all calls Plaintiff received the caller asked for someone named "Howard Ship." *See* Doc. 1-1 at ¶ 55-56. Based solely on Plaintiff's allegations, such as they are, National Coin called him once seeking "Howard Ship." It was the wrong number, the call allegedly lasted 69 seconds, and Plaintiff makes no allegation that National Coin ever made a sales call to him again. A single, wrong number, call does not constitute sufficient minimum contacts to exercise specific personal jurisdiction over National Coin.

13

**D.     If the Court does find sufficient minimum contacts, it should decline to exercise personal jurisdiction as unreasonable.**

If the Court does find that the single, wrong number, call is sufficient minimum contacts, it should decline to exercise specific personal jurisdiction. "[I]f the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Asahi Metal Industry Co.*, 480 U.S. at 113). "This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.*

Assuming sufficient minimum contacts, it is unreasonable to the point of offending the notions of fair play and substantial justice to exercise personal jurisdiction over National Coin in these circumstances. By exercising personal jurisdiction in this case, the Court would be allowing a serial litigant Plaintiff, who publicly advertises this fact, to hail into Oklahoma a Delaware company with a principal place of business in Florida—solely based on a single call directed to the wrong person.

**E.     Dismissal of Plaintiff's Complaint against National Coin for lack of personal jurisdiction is appropriate.**

Plaintiff's Complaint against National Coin should be dismissed for failing to assert sufficient facts to support this Court's exercise of personal jurisdiction over National Coin. "A defendant may move to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)." *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1198 (D. Colo. 2015). "When a defendant does so, the plaintiff has the burden of

14

establishing that the court has personal jurisdiction over the defendant." *Id.* (citing *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Similarly, where "[t]here is nothing in the [plaintiff's pleading] that permits a reasonable inference—free of speculation—that purposeful availment [of the privilege of conducting business in a forum] occurred," then the district court is not bound by the plaintiff's allegations. *AFTG-TG, LLC. v. Gigabyte Tech. Co.*, No. 10-CV-228-F, 2011 WL 13079300, at *2 (D. Wyo. Feb. 25, 2011); *see also Bogle v. JD Techs., Inc.*, No. 2:21-CV-00319-MJH, 2021 WL 3472151, *5 (W.D. Pa. Aug. 6, 2021) (finding that where a plaintiff "avers nothing beyond conclusory statements and speculation that [the defendant] purposely directed any commercial activity to Pennsylvania through internet sales" the plaintiff had failed to establish specific jurisdiction); *Fitzgerald v. Zakheim & LaVrar, P.A.*, 90 F. Supp. 3d 867, 873 (D. Minn. 2015) ("Plaintiff's mere speculation as to Defendant's alleged improper garnishments of bank accounts in Minnesota is insufficient to establish the minimum contacts necessary for this Court to exercise personal jurisdiction over Defendant."); *Foyt v. Championship Auto Racing Teams, Inc.*, 947 F. Supp. 290, 294 (S.D. Tex. 1996) (rejecting a finding of minimum contacts where the plaintiff's "allegations rest on sheer, unsupported speculation and conclusory opinions containing no factual basis on which the Court could conclude that [the defendant] had engaged in any conduct in or directed to [the forum state] regarding the matters underlying the tortious interference claim.").

15

Plaintiff's only allegations that could possibly support the exercise of personal jurisdiction are boilerplate conclusory allegations and speculation that the Court is not required to accept as fact. As discussed above, Plaintiff only received one solicitation call from National Coin, yet failed to identify his location at the time of receiving the call. Without any factual nexus to National Coin, Plaintiff relies on blanket conclusory allegations against *all* Defendants, that each "ratified" the "ghost calls," by allegedly purchasing the data derived from it. *See, e.g.,* Doc. 1-1 at ¶ 61, 66, 69. Plaintiff assumes, without evidence or factual allegation, that *silent* or *abandoned* calls must be directly supporting a "coordinated telesales arbitrage scheme." Doc. 1-1 at ¶ 29, 46-51. The multiple "ghost calls" Plaintiff allegedly received included no information. With no information, Plaintiff has no factual basis to prove these blank calls were connected with National Coin or any Defendant in this case. These conclusory statements and speculation are insufficient for the Court's exercise of personal jurisdiction. Accordingly, the Court should dismiss Plaintiff's Complaint against National Coin in its entirety.

IV.    **There is no private right of action for the Federal Caller ID restriction and Plaintiff's attempt to enforce the same through a negligence analysis should fail.**

Count V is Plaintiff's strained attempt to bring a claim for which no private right of action exists. 47 U.S.C. § 227(e) restricts the transmission of "misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." Setting aside Plaintiff's failure to plead intent as to these elements by National Coin or any Defendant, the federal statute does provide Plaintiff the right to sue for its enforcement. Section 227 provides for a private right of action subsection

16

b, and potentially subsection c,[4] but "No private right of action is granted under any other subsection of § 227." *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016), *aff'd,* 678 F. App'x 165 (4th Cir. 2017). Without a private right of action, Plaintiff is improperly shoehorning the statute into a negligence analysis.

In the alternative to the entire Complaint being dismissed, as argued above, Plaintiff has failed to plead harm allegedly caused by National Coin necessary to continue Count V against it. While Plaintiff continues the practice of shotgun pleading, to Defendant's best ability it seems Plaintiff is alleging that the use of a 405 area code by a Florida business is somehow deceitful to him. Plaintiff has not plead, nor is Defendant aware of, any restriction on an out-of-state business utilizing an in-state area code to make a call. Plaintiff has not plead that the caller identification display from the single National Coin call was inaccurate or false in any way. Therefore, Count V should be dismissed.

## V.    Plaintiff failed to plead facts to support liability under Oklahoma Law for Count II "Caller ID Spoofing."

An out-of-state business using a 405 area code to make a call does not amount to liability for "Caller ID Spoofing." The Oklahoma Telephone Solicitation Act ("OTSA"), provides:

> It shall be unlawful for any person who makes a commercial telephonic sales call or causes a commercial telephonic sales call to be made to fail to transmit or cause not to be transmitted the originating telephone number . . . If a telephone number is

---

[4] There is currently a significant split of authority regarding the existence of a private right of action under Section 227(c) in light of the recent ruling in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025).

17

> made available through a caller identification service as a result of a commercial telephonic sales call, the solicitor must ensure that telephone number is capable of receiving telephone calls and must connect the original call recipient, upon calling such number, to the telephone solicitor or to the seller on behalf of which a commercial telephonic sales call was placed.

Okla. Stat. tit. 15 § 775C.3(B). As plead by Plaintiff, National Coin complied with this requirement and provided the number it was calling from. Moreover, Plaintiff makes no allegations regarding the ability of a return call on the same number, and assuming the "call log" attached to the Complaint is accurate, Plaintiff attempted no such call. Accordingly, an in the alternative to dismissal of the Complaint *in toto*, Plaintiff cannot state a claim against National Coin under Count II and it should be dismissed.

**VI.    Count IV should be dismissed as a single telephone call is not sufficient to support a claim against National Coin for invasion of privacy or intrusion upon seclusion.**

A single call, that Plaintiff likely answered with the hope and intention of talking to a salesperson whom he could sue, does not amount to an invasion of privacy or intrusion upon seclusion. The Oklahoma Supreme Court has stated there "is simply no room in the framework of our society for permitting one party to sue on the event of every intrusion into the psychic tranquility of an individual." *Munley v. ISC Financial House, Inc.*, 1978 OK 123, ¶ 9, 584 P.2d 1336, 1338. Thus, to prevail on an "intrusion upon seclusion" theory under Oklahoma law, Plaintiff must show: (1) a nonconsensual intrusion occurred; and (2) that the intrusion was highly offensive to a reasonable person. See *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1220 (10th Cir. 2003) see also *Gilmore v. Enogex, Inc.*, 1994 OK 76, ¶ 16, 878 P.2d 360, 366. An "intrusion occurs only when an actor believes, or is

18

substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Salmon v. CRST Expedited, Inc.*, No 4:14-cv-0265, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016 (citing *Dubbs*, 336 F.3d at 1221) (cleaned up)).

To determine whether a given intrusion was "highly offensive," Oklahoma courts look to the Restatement for guidance. *Id.* According to the Restatement, the interference must be "substantial" and the type of conduct to which "the reasonable man would strongly object." *Id.* As such, telephone calls or messages only invade privacy when they "are repeated with such *persistence and frequency* as to amount to a *course of hounding* the plaintiff," to the point of being "a substantial burden to his existence[.]" *Id.* (quoting Restatement (Second) of Torts, § 652B cmt. d (1977) (emphasis added).

The *single call* at issue cannot amount to a "course of hounding." As Plaintiff pleads, National Coin only made one sales call to him lasting 69 seconds. A single call by definition cannot be a repeated act. Nor did it place a burden on Plaintiff's existence. To the contrary, Plaintiff's receipt of sales calls funds and supports his existence. Accordingly, Count IV should be dismissed as to National Coin.

19

## CONCLUSION

With this Complaint, Plaintiff is attempting to offload his burden of making a short and plain statement of his claims upon the Defendants and the Court. Doing so, Plaintiff has violated Rule 8, depriving National Coin and the other Defendants of fair notice as to his facts and claims, with no specific indication as to which party or parties they may be asserted against. Accordingly, this Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(6).

Moreover, Plaintiff's few specific allegations against National Coin demonstrate that this court does not possess personal jurisdiction over it for this action. Accordingly, and alternatively to dismissal of the entire Complaint, the Court should dismiss all claims against National Coin pursuant to Rule 12(b)(2) for lack of personal jurisdiction. If the Court believes additional information is necessary prior to a determination of the jurisdictional issue, National Coin requests leave to conduct discovery and proffer affidavits as to the limited issue of personal jurisdiction.

Lastly, in the event the entirety of the Complaint is not dismissed, National Coin requests dismissal of Counts II, IV, and V against it.

20

Dated:    March 30, 2026                  Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, NATIONAL COIN GROUP, LLC**

21

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on March 30, 2026, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
*trupiaar@gmail.com*

**PRO SE PLAINTIFF**

_____
*s/ Aaron C. Tifft*

22