**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-274-J |
| | ) | |
| BLUE GREEN ENERGY, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, appearing pro se, filed suit in the District Court of Oklahoma County and Defendant Global Equity Finance, Inc. (Global) removed the matter to this Court. Currently pending is Defendant Global's motion to dismiss (Mot.) [Doc. No. 2], to which Plaintiff did not respond.[1] For the reasons discussed below, the motion is GRANTED.

## I. Background

Plaintiff alleges a "massive, multi-jurisdictional invasion of [his] privacy targeting his residential cellular telephone." (Compl.)[2] [Doc. No. 1-2 at 2]. Plaintiff identifies Defendant Global as a "mortgage and financial services entity headquartered and registered in San Diego, California," *id.*, and alleges the Defendant's agent "Paul Edwards" called Plaintiff from "(949) 481-5238 on May 14, 2024" and behaved in an aggressive manner. *Id.* at 7.

---

[1] Plaintiff's initial response date was March 16, 2023. On March 30, 2026, Plaintiff sought additional time to respond and the Court granted the request. [Doc. Nos. 6-7]. Plaintiff did not respond by the extended April 13, 2026 deadline.

[2] Although filed as a Petition in state court, the pleading is now referred to as a Complaint.

## II. Analysis

Defendant Global challenges this Court's personal jurisdiction over it and provides evidence that it does not own the telephone number Plaintiff lists. Indeed, Defendant Global believes this to be "a case of mistaken identity." Mot. at 2.

### A. Standard of Review

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show jurisdiction is proper under the laws of the forum state and the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC,* 946 F.3d 1223, 1228 (10th Cir. 2020). Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *See Rambo v. American S. Ins. Co.*, 839 F.2d 1415 1416 (10th Cir. 1988). Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long-arm statute authorizes jurisdiction over a nonresident defendant.

"General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state and does not require that the claim be related to those contacts." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (cleaned up). "Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Id.* (same).

Specific jurisdiction may not be exercised over the nonresident defendant unless it has sufficient minimum contacts with Oklahoma and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See Old Republic Ins. Co. v. Continental*

*Motors, Inc.*, 877 F.3d 895, 904, 908 (10th Cir. 2017) (cleaned up). In analyzing the sufficient contacts, courts must determine whether the defendant has purposefully directed its activities at residents of Oklahoma and the litigation results from alleged injuries that arise out of or relate to those activities. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

Ultimately, it is the plaintiff who has the burden of establishing a defendant's personal jurisdiction, although at this stage, he need only make a prima facie showing. *See XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1314 (10th Cir. 2024). The Court takes the allegations in the complaint as true, so long as the claims are uncontroverted by the defendant's affidavits. *See See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017). If those claims *are* controverted through affidavits or other materials, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue. *See STI Trucking, LLC v. Santa Rosa Operating, LLC*, No. 20-CV-0073-JFH-CDL, 2021 WL 3622044, at *2 (N.D. Okla. Aug. 13, 2021) ("[U]pon a defendant's presentation of credible evidence through affidavits or other materials suggesting the lack of personal jurisdiction, the plaintiff must come forward with sufficient evidence to create a genuine dispute of material fact on the issue."). In other words, "[o]nly if the plaintiff meets the obligation of contesting the credible evidence that the defendant presents does the court resolve the factual disputes in the plaintiff's favor." *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1202 (D.N.M. 2017).

**B. Discussion**

Plaintiff does not allege any facts suggesting that Defendant Global has continuous and systematic contacts with Oklahoma for purposes of general jurisdiction. *See* Compl., *passim*. Thus, the Court assumes that Plaintiff relies on specific jurisdiction under the theory that

Defendant Global purposefully directed its activities at him, a resident of Oklahoma. But Defendant Global provides an affidavit from Founder and Chief Executive Officer Cornell Hough averring, in relevant part, that:

- Global "does not advertise or market its services specifically to Oklahoma residents;"
- Global has never employed a "Paul Edwards" and has no employment, contractor, or other business records related to a "Paul Edwards;"
- Global does not own, operate, lease, or otherwise control the telephone number (949) 481-5238 and it has never been assigned to or used by Global for any purpose;
- Global has never called Plaintiff's (405) 269-1782 telephone number; and,
- Global has never participated in any coordinated telemarketing campaign, lead-sharing arrangement, or data-sharing arrangement with any named defendant in this action.

Mot. at 15-21.

Plaintiff did not respond to Defendant Global's motion or affidavit and thus the factual dispute is not resolved in his favor. With that, and in light of Defendant Global's evidence that it did not call Plaintiff in Oklahoma, the Court cannot find that it directed its activities towards Oklahoma.

## III. <u>Conclusion</u>

For the reasons set forth above, the Court finds that Plaintiff has failed to establish a prima facie case that this Court has specific personal jurisdiction over Defendant Global. Accordingly, Defendant Global's motion to dismiss [Doc. No. 2] is GRANTED and it is DISMISSED without prejudice.

Judgment will enter at the appropriate time.

IT IS SO ORDERED this 1st day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE