**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA,<br><br>Plaintiff,<br><br>v.<br><br>BLUE GREEN ENERGY, INC., et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-274-J |

**ORDER**

Plaintiff, appearing pro se, filed suit in the District Court of Oklahoma County and the matter was removed to this Court. Currently pending is Defendant National Coin Group, LLC's (National Coin) motion to dismiss [Doc. No. 4], to which Plaintiff did not respond. For the reasons discussed below, the motion is GRANTED.

## I. Background

Plaintiff alleges a "massive, multi-jurisdictional invasion of [his] privacy targeting his residential cellular telephone." [Doc. No. 1-2 at 2[1]]. Plaintiff identifies Defendant National Coin as a "precious metals dealer headquartered in Florida and registered in Delaware," *id.* at 3, and alleges National Coin called him on June 5, 2024 using "Neighbor Spoofing" to display a misleading "'405' area code that did not belong to them." *Id.* at 9.

## II. Analysis

For purposes of this motion, Defendant National Coin admits that it called Plaintiff on one occasion but argues that the single call is insufficient to establish minimum contacts with Oklahoma. The Court agrees.

[1] Page citations refer to this Court's CM/ECF pagination.

**A. Standard of Review**

To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show jurisdiction is proper under the laws of the forum state and the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC,* 946 F.3d 1223, 1228 (10th Cir. 2020). Oklahoma's long-arm statute, 12 Okla. Stat. § 2004(F), provides that "[a] court of this state may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." The long-arm statute is coextensive with the constitutional limitations imposed by the Due Process Clause. *See Rambo v. American S. Ins. Co.*, 839 F.2d 1415 1416 (10th Cir. 1988). Therefore, if jurisdiction is consistent with the Due Process Clause, Oklahoma's long-arm statute authorizes jurisdiction over a nonresident defendant.

"General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state and does not require that the claim be related to those contacts." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (cleaned up). "Specific jurisdiction, on the other hand, is premised on something of a quid pro quo: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Id.* (same).

Specific jurisdiction may not be exercised over the nonresident defendant unless it has sufficient minimum contacts with Oklahoma and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904, 908 (10th Cir. 2017) (cleaned up). In analyzing the sufficient contacts, courts must determine whether the defendant has purposefully directed its activities at residents of Oklahoma and the litigation results from alleged injuries that arise out of or relate to

those activities. *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

Ultimately, it is the plaintiff who has the burden of establishing a defendant's personal jurisdiction, although at this stage, he need only make a prima facie showing. *See XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1314 (10th Cir. 2024). The Court takes the allegations in the complaint as true, so long as the claims are uncontroverted by affidavits or other evidence. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017).

**B. Discussion**

Plaintiff does not allege any facts suggesting that Defendant National Coin has continuous and systematic contacts with Oklahoma for purposes of general jurisdiction. Thus, the Court assumes that Plaintiff relies on specific jurisdiction under the theory that Defendant National Coin purposefully directed its activities at him, a resident of Oklahoma. But taking Plaintiff's allegations as true, Defendant National Coin made only one solicitating phone call to him in Oklahoma. Without further facts, the Court finds this is insufficient for purposes of personal jurisdiction. *See Wyles v. Brady*, 822 F. App'x 690, 695-96 (10th Cir. 2020) (declining to find purposeful direction, despite defendant calling plaintiff in the forum state, where plaintiff had no facts suggesting that defendant's conduct was "directed at the forum state (as opposed to merely at the plaintiff in the forum state) or caused any harm to him in [the forum state]"); *Ioszpe v. Unifin, Inc.*, No. CIV-25-98-SLP, 2025 WL 2487349, at *3 (W.D. Okla. Aug. 28, 2025) ("Given that Plaintiff's sole factual allegation pertaining to Oklahoma is that Unifin called a 405 number four times – only one of which was apparently received in Oklahoma – the Court finds that this, alone, is insufficient to establish [that] Unifin purposefully directed its conduct towards Oklahoma."); *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1236 (D. Colo. 2009), *as corrected* (Jan. 28, 2010) ("Even if the one or two other phone calls were initiated by [the defendant], which is

unclear, it is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." (cleaned up)).

## III. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has failed to establish a prima facie case that this Court has specific personal jurisdiction over Defendant National Coin. Accordingly, its motion to dismiss [Doc. No. 4] is GRANTED and Defendant National Coin Group, LLC is DISMISSED without prejudice.

Judgment will enter at the appropriate time.

IT IS SO ORDERED this 6th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE