**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-274-J |
| | ) | |
| BLUE GREEN ENERGY, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, appearing pro se, filed suit against eleven businesses and ten "Does." [Doc. No. 1-2]. Plaintiff served two defendants, and the Court granted both parties' motion to dismiss. [Doc. Nos. 8-9]. The Court then ordered Plaintiff to show cause, on or before June 11, 2026, why the remaining defendants should not be dismissed without prejudice for failure to effect timely service. [Doc. No. 10]. Plaintiff did not respond and has not filed proof of service for any remaining defendant. As such, his action is subject to dismissal under Fed. R. Civ. P. 4(m) and 41(b).

Under Fed. R. Civ. P. 4(m) a summons and the Complaint must be served on a defendant within 90 days. In a removed case such as this, the 90-day time for service begins when the notice of removal is filed in this Court. Accordingly, Plaintiff was required to serve the defendants no later than May 17, 2026. He failed to do so. However, before dismissal, the Court must consider whether a mandatory or permissive extension of time is warranted.

Plaintiff failed to respond to the Court's show cause order and thus has not shown good cause for the failure to effect timely service. Accordingly, a mandatory extension is not warranted. *See State Farm Mut. Auto. Ins. Co. v. United States Postal Serv.*, No. CIV-25-1343-SLP, 2026 WL 541149, at *1 (W.D. Okla. Feb. 26, 2026) ("Because Plaintiff has failed to respond to the Court's Order to Show Cause, Plaintiff has failed to demonstrate good cause exists for granting a

mandatory extension of the 90-day time period set forth in Rule 4(m) within which to serve Defendant.”).

In determining whether a permissive extension of time is warranted, the Court should consider whether (1) the statute of limitations would bar Plaintiff from refiling the action, (2) he has unsuccessfully attempted to serve the United States, or (3) the delay in service relates to Plaintiff’s pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza v. United States*, 52 F.3d 838, 841 & n. 8 (10th Cir. 1995). Here, none of these factors are availing. First, Plaintiff sued under the Oklahoma Telephone Solicitation Act (OTSA) and the federal Telephone Consumer Protection Act (TCPA) for calls he received largely in 2024-2025. *See* [Doc. No. 1-2 at 4]. The TCPA is regarded as having a four-year statute of limitations, *see Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013), and claims under the OTSA must likely be filed within three years. *See* Okla. Stat. tit. 12, § 95(2).[1] Second, the United States is not a defendant. And third, Plaintiff, while proceeding pro se, is a practiced litigator in this Court and he paid the full filing fee. Under these circumstances, a permissive extension of time is not warranted, and this action is subject to dismissal.

Additionally, a court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff “fails to prosecute or to comply with [the rules of civil procedure] or a court order.” Fed. R. Civ. P. 41(b). Here, Plaintiff ignored this Court’s Order, which alone warrants dismissal of this action without prejudice. *See Mason v. Oklahoma*, No. CIV-22-800-J, 2024 WL 51194, at *2 (W.D. Okla. Jan. 4, 2024) (“[I]f a party can ignore court orders without

[1] Even if one or more of Plaintiff’s claims were time-barred, “that factor alone is not dispositive.” *State Farm Mut. Auto. Ins. Co.*, 2026 WL 541149, at *1.

suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." (cleaned up)).

Based on the foregoing, and considering all the relevant factors, this action is DISMISSED without prejudice under Fed. R. Civ. P. 4(m) and 41(b).

A separate judgment will enter.

IT IS SO ORDERED this 17th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE