IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-274-J |
| | ) | |
| BLUE GREEN ENERGY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GLOBAL EQUITY FINANCE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 60(b) FOR RELIEF FROM THE ORDER AND JUDGMENT OF JUNE 17, 2026, AND TO REOPEN THE CASE**

Defendant Global Equity Finance, Inc. ("Global") responds in opposition to Plaintiff Anthony Trupia's Motion Under Fed. R. Civ. P. 60(b) (the "Motion"). This response addresses only the relief Plaintiff seeks as to Global. Global takes no position on the relief Plaintiff seeks as to the other defendants.

The Court dismissed Global for lack of personal jurisdiction. Global supported its motion with sworn evidence. Plaintiff did not respond, even after the Court extended his deadline. He now asks the Court to undo that ruling. He offers two reasons. First, he says a health condition kept him from responding. Second, he offers a new declaration that he says contradicts Global's evidence. Neither reason justifies relief. The health excuse is conclusory, and Plaintiff's own filings during the same period undercut it. The new declaration does not tie Global to the call at issue. At most, it shows that Global returned a call Plaintiff himself placed. That is not a contact Global created with Oklahoma. Reopening the case as to Global would be futile. The Motion should be denied as to Global.

## I. BACKGROUND

### A. The Court dismissed Global for lack of personal jurisdiction.

Plaintiff sued eleven defendants in Oklahoma County District Court under the Telephone Consumer Protection Act and the Oklahoma Telephone Solicitation Act. [Doc. No. 11 at 1-2]; [Doc. No. 8 at 1]. Global removed the case. [Doc. No. 1]. Plaintiff alleged that Global's agent, "Paul Edwards," called him from (949) 481-5238 on May 14, 2024. [Doc. No. 8 at 1].

Global moved to dismiss under Rule 12(b)(2). [Doc. No. 2]. Global supported its motion with the declaration of its Founder and Chief Executive Officer, Cornell Hough. *Id.* at 15–21. Mr. Hough attested that Global does not market its services specifically to Oklahoma residents. He attested that Global has never employed a "Paul Edwards." He attested that Global does not own, operate, lease, or control the (949) 481-5238 number. And he attested that Global has never called Plaintiff's (405) 269-1782 number. [Doc. No. 8 at 4]. Mr. Hough has since clarified that this last statement addressed the call alleged in the Complaint. [Supp. Hough Decl. ¶ 8].

At Plaintiff's request, the Court extended his response deadline to April 13, 2026. [Doc. No. 7]; [Doc. No. 8 at 1 n.1]. Plaintiff did not respond. On May 1, 2026, the Court granted Global's motion. [Doc. No. 8]. The Court explained that once a defendant offers credible evidence against jurisdiction, the plaintiff must come forward with evidence that creates a genuine dispute. *Id.* at 3. Plaintiff did not respond to the motion or the affidavit, so the factual dispute was not resolved in his favor. *Id.* at 4. In light of Global's evidence that it did not call Plaintiff in Oklahoma, the Court could not find that Global directed its activities toward Oklahoma. *Id.* The Court held that Plaintiff had not made a prima facie showing of specific personal jurisdiction and dismissed Global without prejudice. *Id.*

**B. The Court entered final judgment.**

On June 17, 2026, the Court dismissed the remaining defendants under Rules 4(m) and 41(b). [Doc. No. 11 at 3]. The Court entered judgment the same day. [Doc. No. 12]. As to Global, the judgment rests on the May 1 Order. *Id*. The Rule 4(m) and Rule 41(b) dismissal addressed the remaining defendants, not Global. [Doc. No. 11 at 1, 3].

**C. Plaintiff now seeks relief under Rule 60(b).**

Plaintiff filed the Motion on October 21, 2026. [Doc. No. 13]. He seeks relief under Rule 60(b)(1) and (b)(6). Mot. at 1. As to Global, he asks the Court to vacate the May 1 Order and give him 21 days to respond to Global's motion to dismiss. *Id.* at 15. He supports the Motion with his own declaration. Mot. Ex. 1. On November 5, 2026, the Court ordered Plaintiff to supplement the Motion with "sufficient evidence to convince the Court that his illness prevented his responses." [Doc. No. 14]. The supplement is due November 19, 2026, and Plaintiff may file it under seal. *Id.*

## II. LEGAL STANDARD

Rule 60(b) allows relief from a final judgment only on specified grounds. As relevant here, those grounds are "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), and "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b). "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Blough v. Rural Elec. Coop, Inc.*, 689 F. App'x 583, 588 (10th Cir. 2017) (unpublished) (quoting *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008)) (internal quotation marks omitted). It is not a vehicle to revisit issues already addressed or to advance arguments that could have been raised earlier. *See Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Whether neglect is excusable is an equitable question. The Court considers the danger of prejudice to the opposing party, the length of the delay and its impact on the proceedings, the reason for the delay (including whether it was within the movant's reasonable control), and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Fault in the delay "remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)) (internal quotation marks omitted). And "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

Rule 60(b)(6) requires "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation marks omitted). Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive." *Pioneer*, 507 U.S. at 393. To obtain relief under Rule 60(b)(6), a movant must show "extraordinary circumstances" suggesting that he "is faultless in the delay." *Id.* (internal quotation marks omitted). "If a party is partly to blame for the delay, relief must be sought . . . under subsection (1) and the party's neglect must be excusable." *Id.*

Global recognizes that the Court construes a pro se litigant's filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But "[p]ro se parties [must] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)) (internal quotation marks omitted). And the Court has already observed that Plaintiff, "while proceeding pro se, is a practiced litigator in this Court." [Doc. No. 11 at 2].

## III. ARGUMENT

### A. Plaintiff has not shown excusable neglect.

#### 1. *Plaintiff's health excuse is conclusory and is contradicted by his own filings.*

Plaintiff's only explanation for not responding to Global's motion is a single sentence. He states that from April 2026 through June 17, 2026, a health condition "prevented [him] from monitoring this case and from meeting its deadlines." Mot. Ex. 1 ¶ 7. He does not identify the condition. He does not say how it prevented him from filing a response or seeking more time. He offers to provide more detail "under seal if the Court requires it." *Id*. That is not a showing. "[A] party seeking to establish excusable neglect must plead and prove it." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). A medical problem can support excusable neglect, but only if the movant shows that it was the actual reason for the delay. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017). Even medical records are not enough without an explanation of how the condition actually prevented a timely response. *See Stokes v. Atkin*, No. 26-4067, 2026 WL 2445623, at *3 (10th Cir. Aug. 20, 2026) (unpublished). The Tenth Circuit has affirmed the denial of relief where a Rule 60(b) motion lacked the detail needed to show excusable neglect and the district court found that a family member's illness did not prevent counsel from filing "a simple motion for an extension of time." *Blough*, 689 F. App'x at 588–89. Another judge in this District recently rejected a conclusory symptoms-based excuse where the movant could have mailed his filings before the deadline, and the Tenth Circuit affirmed. *See Bolongia v. Target Corp.*, No. 25-6205, 2026 WL 1894537, at *2, *5 (10th Cir. July 1, 2026) (unpublished). The Court has already recognized the gap. It has directed Plaintiff to supply evidence sufficient to show that his illness prevented his responses. [Doc. No. 14].

Plaintiff's own account also undercuts the excuse. He swears that he was suffering from the condition "[f]rom before this action was removed." Mot. Ex. 1 ¶ 7. Yet during that same period he mailed papers to the Clerk on March 14, 2026, and hand-delivered them on March 30, 2026. Mot. Ex. 1 ¶ 6; [Doc. No. 6]. Those papers included a motion for more time to respond to Global's motion. [Doc. No. 6-3]. That motion did not mention his health. *Id.* ¶¶ 2–6. He asked for more time so that he could respond "at a time when more defendants have appeared." *Id.* ¶ 5. The Court granted that motion on April 8, 2026, and set the April 13 deadline. [Doc. No. 7]. Plaintiff says the condition began to prevent him from acting in April, but he does not say what changed between March 30 and April 13. Plaintiff knew the deadline. He had just shown that he knew how to ask for more time. Yet before April 13 he neither filed a response nor asked for more time.

Plaintiff also does not explain the four months between the judgment and his Motion. By his own account, the condition affected him only through June 17, 2026. Mot. Ex. 1 ¶ 7. He filed the Motion more than four months later. He offers no reason for that delay. A Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "A motion is not timely merely because it has been filed within one year of the judgment." *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir. 1990) (affirming that a Rule 60(b)(1) motion filed within one year was untimely where the delay was not sufficiently justified) (citing *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1068 (10th Cir. 1980) (motion untimely after unexplained delay of 115 days between judgment and motion)). The unexplained delay weighs against relief.

**2. *The remaining factors do not favor relief as to Global.***

The remaining factors do not overcome the lack of a sufficient reason. Global would be prejudiced by having to relitigate a motion the Court decided on a full evidentiary record. The delay is also significant. Plaintiff seeks to file a response more than six months after it was due.

And the Court has already noted that Plaintiff is an experienced litigant in this Court. [Doc. No. 11 at 2]. In the same order, the Court declined a permissive extension of the service deadline. It found that the delay did not relate to Plaintiff's pro se status, because he "is a practiced litigator in this Court." *Id.* The Court issued that order on June 17, 2026, the last day of the period in which Plaintiff now says he was ill. Mot. Ex. 1 ¶ 7. On this record, Plaintiff's failure to respond was within his reasonable control.

**B. Reopening the case as to Global would be futile.**

Even if Plaintiff had shown excusable neglect, vacating the May 1 Order would serve no purpose. In weighing a Rule 60(b)(1) motion, "[a]n additional consideration is whether the moving party's underlying claim is meritorious." *Jennings*, 394 F.3d at 857. The Tenth Circuit has affirmed the denial of Rule 60(b) relief from a dismissal entered after the plaintiff failed to respond to a motion to dismiss, where the district court weighed its prior ruling that the motion was meritorious. *Blough*, 689 F. App'x at 588–89. Courts in this Circuit also deny relief where reopening would be futile, without deciding whether the movant's neglect was excusable. *See Golden v. Hallcon Corp.*, No. 25-cv-2179-JWB, 2025 WL 2959124, at *3 (D. Kan. Oct. 20, 2025) (declining to decide whether the plaintiff's mental-health conditions amounted to excusable neglect because "reopening his case would be futile"); *see also Johnson v. Spencer*, 950 F.3d 680, 715–16 (10th Cir. 2020) (holding that ruling on a motion to dismiss before the plaintiff responded was not reversible error because his arguments would have failed and amendment would have been futile). Here, Plaintiff's new declaration does not establish a prima facie case of personal jurisdiction over Global. Reopening would therefore be futile.

**1. *The declaration does not connect Global to the May 14, 2024 call.***

Plaintiff's declaration states that the caller identified the company he was calling for as "Global Equity Group." Mot. Ex. 1 ¶ 9. Global has never done business under that name or registered it as a trade name. [Supp. Hough Decl. ¶ 3]. Plaintiff offers no evidence to the contrary. He connects the two only through his own internet search. Mot. Ex. 1 ¶ 9 ("When I searched for the company, the search returned Global Equity Finance, Inc. . . . ."). A search result is not evidence that Global made the call. Once a defendant's affidavit controverts the jurisdictional allegations, the plaintiff must make an opposing showing "through specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). Plaintiff has not done so. Nor would a caller's use of a similar name make the caller Global's agent. Apparent authority "must be predicated upon words or conduct of the principal. The words or conduct of the agent by themselves are insufficient." *Berryhill v. Ellett*, 64 F.2d 253, 256 (10th Cir. 1933); *see also Arnold v. Grand Celebration Cruises, LLC*, No. CIV 17-685 JAP/KK, 2017 WL 3534996, at *4–5 (D.N.M. Aug. 16, 2017) (finding no personal jurisdiction where the telemarketer claimed a connection to an entity sharing the name of the defendant's cruise ship and the defendant's declaration denied directing the calls).

The declaration also leaves Global's evidence unrebutted on every point the Court relied on. Plaintiff does not dispute that Global does not own or control the (949) 481-5238 number. He does not dispute that Global has never employed anyone named "Paul Edwards." He does not dispute that Global does not market specifically to Oklahoma residents. [Doc. No. 8 at 4]. A plaintiff's allegations are accepted as true only to the extent they are not controverted by the defendant's affidavits. *See Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984); *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.

1987). Plaintiff therefore still has not come forward with evidence that creates a genuine dispute about whether Global directed the call to Oklahoma. *See* [Doc. No. 8 at 3–4].

**2. *A call Global returned at Plaintiff's request is not a contact Global created with Oklahoma.***

Plaintiff's declaration states that he called Global on May 14, 2024, and that a Global employee called him back the next day to get information about the caller. Mot. Ex. 1 ¶¶ 10–11. Global's records show that Plaintiff left that employee a voicemail asking her to "shoot me a call back." [Supp. Hough Decl. ¶ 5 & Ex. A]. That contact does not support jurisdiction. Specific jurisdiction must arise out of contacts that the defendant itself creates with the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The plaintiff cannot be the only link between the defendant and the forum. *Id.* at 285. Here, the only contact Plaintiff identifies came about because Plaintiff called Global and asked for a return call. A communication made in response to the plaintiff's own outreach is not purposeful conduct directed at the forum. *See Freeman v. Sikorsky Aircraft Corp.*, No. 04-CV-506-CVE-SAJ, 2005 WL 8174891, at *3 (N.D. Okla. Aug. 15, 2005) (holding that a defendant's calls and letters to an Oklahoma resident did not support specific jurisdiction because she "merely reacted" to the plaintiff's unilateral decision to live in Oklahoma). And Plaintiff's claims against Global arise from the May 14 call, not from Global's response to his inquiry. [Doc. No. 8 at 1].

The call back also is not new, and it does not help Plaintiff. Mr. Hough's declaration disclosed that Plaintiff contacted Global directly in May 2024 and that Mr. Hough personally investigated his allegations at that time. [Doc. No. 2 at 16, ¶ 3]. Global does not dispute that its then head of human resources, Linda Tucker, returned Plaintiff's call. [Supp. Hough Decl. ¶ 6]. Mr. Hough's earlier statements that Global never called Plaintiff's number were directed to the telemarketing call alleged in the Complaint, and the supplemental declaration clarifies the point.

*Id.* ¶ 8. Plaintiff himself says Ms. Tucker called "to get information about the caller." Mot. Ex. 1 ¶ 11. A return call that Plaintiff himself requested is not the conduct Plaintiff sued over. In any event, a Rule 60(b) motion is not an appropriate vehicle "to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996). Plaintiff knew every fact in his declaration in May 2024, nearly two years before his April 13, 2026 response deadline. Mot. Ex. 1 ¶¶ 9–11.

**3. *Plaintiff mischaracterizes Global's evidence.***

Plaintiff argues that Mr. Hough's denials about "Paul Edwards" concern only "a name." Mot. at 13. That is not accurate. Mr. Hough also denied that Global owns or controls the number that placed the May 14 call. He denied that Global placed that call, and he denied that Global authorized anyone or employed any company to call Plaintiff. [Doc. No. 2 at 17–18, ¶¶ 7, 10(b)–(d)]. Plaintiff's declaration does not dispute any of those denials. Because no factual dispute exists on those points, there is nothing to resolve in Plaintiff's favor. Nor does *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216 (10th Cir. 2021), help Plaintiff. In *Hood*, the plaintiff's assertion that the defendant directed telemarketing calls into the forum was uncontradicted. *Id.* at 1226–27. Here, Global's unrebutted evidence is that it did not place or authorize the call. The Court would reach the same result on a reopened motion.

**C. The Court made no mistake in dismissing Global.**

Plaintiff's "mistake" argument under Rule 60(b)(1) does not apply to Global. That argument concerns whether certain other defendants were served. Mot. at 7–12. The Court has already expressed its view that Plaintiff's USPS tracking printouts and unverified notice of service do not satisfy the federal or Oklahoma service requirements. [Doc. No. 14 at 1 n.1]. In any event,

Global was not dismissed for lack of service. It was dismissed for lack of personal jurisdiction, on an evidentiary record Plaintiff chose not to contest. [Doc. No. 8 at 4]. Plaintiff identifies no error of law or fact in the May 1 Order.

**D. Plaintiff has not shown extraordinary circumstances as to Global.**

Plaintiff's Rule 60(b)(6) argument rests on filings in the Oklahoma County case after judgment. Mot. at 14–15. Those filings were made by counsel for a different defendant, Pinnacle Coin Group, LLC. *Id.* at 4–5, 14. They do not involve Global. Plaintiff also has been litigating in that case himself. The order he cites denied a motion that Plaintiff filed. *Id.* at 5. And to the extent Plaintiff relies on his own failure to respond, that ground falls under Rule 60(b)(1), not Rule 60(b)(6). *Pioneer*, 507 U.S. at 393. Nothing in this argument is an extraordinary circumstance that justifies vacating Global's dismissal.

**E. Alternatively, any relief should be limited.**

If the Court is inclined to grant any relief as to Global, Global asks that the Court limit it. Global requests that any relief be limited to allowing Plaintiff to file a response to Global's pending motion to dismiss [Doc. No. 2], with Global permitted to file a reply and supplemental evidence. Plaintiff's Motion does not request jurisdictional discovery, and none should be permitted. A request for jurisdictional discovery raised for the first time after a Rule 12(b)(2) dismissal comes too late. *See Brifen USA, Inc. v. Briggs Bros. Enters. Corp.*, No. CIV-22-200-G, 2024 WL 3378956, at *3 (W.D. Okla. July 11, 2024) (denying jurisdictional discovery first requested after Rule 12(b)(2) dismissal "for untimeliness alone").

## IV. CONCLUSION

Plaintiff has not shown excusable neglect, and reopening the case as to Global would be futile. Global respectfully requests that the Court deny the Motion to the extent it seeks relief as to

Global, including vacatur of the May 1, 2026 Order [Doc. No. 8] and the June 17, 2026 Judgment [Doc. No. 12] as to Global.

Dated: November 11, 2026

Respectfully submitted,

/s/ James L. Crawford
James L. Crawford (OBA #35271)
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, Texas 75201
214.560.2201 (Telephone)
214.560.2203 (Facsimile)
james.crawford@stinson.com

***ATTORNEYS FOR DEFENDANT GLOBAL EQUITY FINANCE, INC.***

**CERTIFICATE OF SERVICE**

I certify that on November 11, 2026, I electronically filed this document with the Clerk of Court using the ECF system, which will send notice to all registered participants. I further certify that on the same date I served a copy on Plaintiff, who is appearing pro se, by electronic mail at trupiaar@gmail.com and by U.S. Mail at 605 SE 21st Street, Oklahoma City, Oklahoma 73129.

/s/ James L. Crawford

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-26-274-J |
| BLUE GREEN ENERGY, INC., et al., | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL DECLARATION OF CORNELL HOUGH IN SUPPORT OF DEFENDANT GLOBAL EQUITY FINANCE, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 60(b)**

I, Cornell Hough, declare as follows:

1. I am the Founder and Chief Executive Officer of Global Equity Finance, Inc. ("Global"), a defendant in this action. I am over eighteen years of age and competent to make this Declaration. The facts stated here are based on my personal knowledge, my review of Global's business records maintained in the ordinary course of business, and information provided to me by Global employees with personal knowledge of these matters.

2. I make this Declaration in support of Global's Response in Opposition to Plaintiff's Motion Under Fed. R. Civ. P. 60(b) [Doc. No. 13]. It supplements my Declaration dated February 23, 2026 [Doc. No. 2 at 15–21] (the "Prior Declaration").

3. Global has never done business under the name "Global Equity Group." Global has never used "Global Equity Group" as a trade name, assumed name, or d/b/a, and has never registered that name with any state or other authority.

4. I have reviewed the declaration Plaintiff submitted with his Motion [Doc. No. 13, Ex. 1], including paragraphs 9 through 11.

5. On May 14, 2024, Plaintiff called Global's main telephone line, spoke with a receptionist, and left a voicemail for Linda Tucker, who was then Global's head of human resources. In that voicemail, Plaintiff asked Ms. Tucker to call him back. A true and correct copy of the voicemail notification and transcription generated by Global's telephone system, which Global maintains in the ordinary course of its business, is attached as Exhibit A. Plaintiff later sent Global a written demand letter, which Global received on or about May 21, 2024, and I exchanged emails with Plaintiff on May 23, 2024. As stated in paragraph 3 of my Prior Declaration, I personally investigated his allegations at that time.

6. In response to Plaintiff's voicemail, Ms. Tucker returned his call from (619) 535-1090, the telephone number Global used for its human resources manager. Plaintiff states that Ms. Tucker called his telephone number (405) 269-1782 twice on May 15, 2024. Global does not dispute that Ms. Tucker returned Plaintiff's call. Ms. Tucker made the call to respond to Plaintiff's complaint.

7. Ms. Tucker's call was a customer-service response to Plaintiff's own complaint. It was not a sales or telemarketing call. Global did not place that call as part of any marketing directed to Oklahoma or to Oklahoma residents.

8. Paragraphs 8(a) and 10(a) of my Prior Declaration state that Global "has never called telephone number (405) 269-1782" and has "no record of placing any telephone call to Plaintiff Anthony Trupia on May 14, 2024, or on any other date." Those statements addressed the telemarketing call alleged in the Complaint and Global's calling and marketing records. They did not account for Ms. Tucker's return call from Global's human resources line in response to Plaintiff's voicemail. I make this Declaration to correct and clarify those statements.

9. Other than Ms. Tucker's call described above, the statements in my Prior Declaration remain true and correct. In particular: Global does not own and has never owned, operated, leased, licensed, or otherwise controlled telephone number (949) 481-5238; Global has never employed or authorized anyone named "Paul Edwards"; Global did not place the May 14, 2024 call described in the Complaint and in paragraph 9 of Plaintiff's declaration; and Global did not authorize any person or employ any company to place that call.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November ___, 2026, at San Diego, California.

Cornell Hough
Founder and Chief Executive Officer
Global Equity Finance, Inc.

# Exhibit
# A

From: RingCentral >
Date: Tue, May 14, 2024 at 2:48 PM
Subject: New Voice Message from Main Line Option 1 - ANTHONY TRUPIA (516) 984-0142 on 05/14/2024 2:48 PM
To: >

Voice Message

---

Dear Linda Tucker,

You have a new voice message:

From: Main Line Option 1 - ANTHONY TRUPIA (516) 984-0142
Received: Tuesday, May 14, 2024 at 2:48 PM
Length: 00:34
To: (619) 573-4553 * 2402 Linda Tucker

Voicemail Preview:

"Hi, Linda, I just spoke with Holly in the front desk. I am not going to leave the whole thing on a message. She got the general idea. Long story short, you guys have a pretty serious legal issue in your hands. I suggest just shoot me a call back at 516-984-0142 Super Fast, um, you know, or you can ignore the call. It is okay too. But again, this is Anthony Trupia and I am at 5169840142I spoke with Holly in the front desk and she knows what is going on. Thanks."
Listen to this voicemail over your phone or by opening the attached sound file. You can also sign in to your RingCentral account with your main number, extension number, and password to manage and listen to voicemails.

Thank you for using RingCentral!

---

Work from anywhere with the RingCentral app. It's got everything you need to stay connected: team messaging, video meetings and phone - all in one app. Get started
By subscribing to and/or using RingCentral, you acknowledge agreement to our Terms of Use .

Copyright 2024 RingCentral, Inc. All rights reserved. RingCentral and the RingCentral logo are trademarks of RingCentral, Inc., 20 Davis Drive, Belmont, CA 94002, USA .