**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-274-J |
| | ) | |
| BLUE GREEN ENERGY, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, appearing pro se, filed suit against eleven businesses and ten "Does." [Doc. No. 1-2]. Two Defendants appeared, and the Court granted both parties' motion to dismiss. [Doc. Nos. 8-9]. Plaintiff responded to neither motion.[1] Thereafter, the Court ordered Plaintiff to show cause why the remaining Defendants should not be dismissed without prejudice for failure to effect timely service. [Doc. No. 10]. Plaintiff did not respond and the Court dismissed the action under Fed. R. Civ. P. 4(m) and 41(b). [Doc. No. 11]. As to Rule 41(b), the Court found:

> [A] court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b). Here, Plaintiff ignored this Court's Order, which alone warrants dismissal of this action without prejudice. *See Mason v. Oklahoma*, No. CIV-22-800-J, 2024 WL 51194, at *2 (W.D. Okla. Jan. 4, 2024) ("[I]f a party can ignore court orders without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." (cleaned up)).

*Id.* at 2-3.

Just over four months later, Plaintiff moved to vacate the judgment and reopen the case on grounds that he (1) had served the remaining Defendants in state court and (2) an illness prevented him from responding to the motions to dismiss and the Court's show cause order. [Doc. No. 13].

---

[1] The Court did not deem the motions confessed.

Plaintiff offered to provide evidence, and the Court ordered him to file it under seal. [Doc. No. 14]. Defendant Global objected to Plaintiff's motion. [Doc. No. 15].

Plaintiff has now filed a Declaration under seal explaining why he did not respond to the Court's show cause order. [Doc. No. 18]. The Court finds his excuse insufficient and DENIES his motion to vacate.[2]

Under Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment based on mistake or excusable neglect, newly discovered evidence, fraud, or a void judgment. *See* Fed. R. Civ. P. 60(b)(1)-(5). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Bond v. Sheriff of Ottawa Cnty.*, 173 F.4th 1265, 1310 (10th Cir. 2026) (cleaned up). Plaintiff argues excusable neglect, based on an illness. [Doc. Nos. 13, 17-18]. Thus, the Court considers: "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, . . . whether the movant acted in good faith," and the merits of "the moving party's underlying claim." *Jennings v. Rivers*, 394 F.3d 850, 856-857 (10th Cir. 2005) (cleaned up). "Fault in the delay" is "perhaps the most important consideration" when determining whether neglect is excusable. *Id.* (cleaned up).

On review, the Court finds that the length of delay, the reason for the delay, and whether it was in Plaintiff's reasonable control all warrant denial of his motion. First, without identifying his illness, the Court finds his explanation for how it developed and its seriousness dubious, particularly considering his failure to seek any medical care. *See* [Doc. No. 18]. Second, Plaintiff sought an extension of time to respond to Defendant Global's motion to dismiss on March 30,

[2] Because the Court relied equally on Fed. R. Civ. P. 41(b), it declines to decide whether Plaintiff had properly served the remaining Defendants under Fed. R. Civ. P. 4(m).

2026, which the Court granted, giving him until April 13, 2026 to respond. But he did not respond and remained incommunicado until he moved for relief on October 21, 2026. But during the *same period* (April 13 to October 21, 2026), Plaintiff filed thirty-two documents in *Trupia v. Onvoy, LLC*, No. CIV-25-1134-D (W.D. Okla.) [Doc. Nos. 48, 62-63, 75-76, 79, 82, 91, 97-110, 126-134, 137], two documents in *Trupia v. City of Oklahoma City*, No. CIV-26-2422-R (W.D. Okla.) [Doc. Nos. 14, 18], and initiated a case in Oklahoma County District Court where he served multiple defendants and then filed two documents after that case was removed to this Court. *See Trupia v. Sentry Credit Inc.*, No. CIV-26-2374-J (W.D. Okla.) [Doc. Nos. 1, 13, 21]. Third, at no time did Plaintiff seek more time to respond to the Court's show cause order or communicate with the Court regarding his purported illness.

In sum, the Court finds that responding to the Court's show cause order was within Plaintiff's reasonable control and the fault is his own. Accordingly, Plaintiff's motion to vacate [Doc. No. 13] is DENIED. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("The most important factor is the third ["the reason for the delay, including whether it was within the reasonable control of the movant"]; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect.").

IT IS SO ORDERED this 19th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE